The opinion of the Court was afterwards delivered to the following effect by
Parsons, C. J.
The point in this cause substantially submitted to the decision of the Court is, whether the agents in London of the holders of the bill in Madras were bound to give notice of the protest to the defendant, the endorser, or only to return the bill with the protests to their principals, who were seasonably to give notice.
We do not find this question expressly settled by any decision in point. It is stated in Kyd on Exchange [page 118.], that when a *128 bill is remitted to a factor to procure acceptance, it is the duty of the factor to use due diligence to have it accepted, and to give advice to his principal of the event, that in case of non-acceptance he may take the proper steps. And if the holder present the bill, and it be dishonored, he is bound to give notice to all the preceding parties, to whom he intends to resort. And this course of conducting the business, we are satisfied, is agreeable to tire law on this subject.
A person appointed a factor to cause a bill to be presented, is intrusted with no other powers, and it is his duty to notify his principal. The factor may not know to which of the prior parties to the bill the principal intends to resort, and if he does, he may not know their domicils, as he has no interest in the bill, or privity with the parties.
But it is argued that this information the principal is bound to give his factor. We know of no such obligation on the principal; and if there were, it might injure the negotiability of bills. For a factor, who might be willing to deliver a bill to a notary, and advise his principal of the result, might refuse to receive the bill, if he was to be responsible when dishonored for the notice [*170] * given to the drawer and endorsers. For if it is his duty to give such notice, he must be answerable to his principal for the consequences of his own neglect.
It is admitted by the defendant’s counsel, that if a bill be remitted in payment, the correspondent may return it to the principa when dishonored, and is not bound to give notice to any of the prior parties to the bill. This is true; but the reason is, that he considers himself a mere factor until the bill be honored. Then, as holder, he receives the money to his own use, crediting the principa with the payment. There is, therefore, no difference between the cases of a bill sent to a factor to procure acceptance, and of a bil. remitted to a correspondent in payment, if the bill be dishonored.
The objection of the inconvenience to the endorser, resulting from this rule, arises from the negotiability of bills of exchange, of which the endorser must take the consequence. In the present case, he sold a bill at Madras, payable in London. He must, therefore, presume that the bill might be holden by the endorsees at Madras, and sent to London for payment; and that if it was, and was dishonored, notice to him would come from Madras. He cannot, therefore, complain of the legal consequences of his own conduct.
We are of opinion that the verdict is right, and that judgment must be entered upon it.