## SUPREME COURT.

### HIRAM D. ELDRIDGE, receiver, agt. SAMUEL BELL and WILLIAM L. BELL.

A *demurrer* which specifies that the complaint does not state facts sufficient to constitute a cause of action, cannot reach an objection that there is an improper joinder of parties.

If the misjoinder of parties were a ground of demurrer when the order of objections in respect to the parties to the action (stated in the Code) is passed, it is to be considered admitted for the purpose of the further prosecution of the suit.

The rule that the complaint must show a *joint* cause of action against all the defendants, is only applicable at *law*, and never did apply in equity.

Where a good cause of action in an equity suit is stated in the complaint, against one of several defendants, though not as against the others, a *joint demurrer* by all of the defendants is improper.

If the defendants who are unnecessarily made parties alone demur, the demurrer may be sustained; but the defendant against whom a good cause of action is alleged cannot for that reason demur.

*Cayuga Circuit,* 1856.

DEMURRER to complaint.

This was an action in equity, by the receiver of the defendant Samuel Bell, appointed in proceedings supplemental to execution, to set aside various fraudulent conveyances, made by Bell to his son William L. Bell. The defendants both appeared, and put in a joint demurrer, specifying that different causes of action were joined in the complaint, and that the complaint did not state facts sufficient to constitute a cause of action.

GEORGE HUMPHREY, *for plaintiff.*

JAMES R. COX, *for defendants.*

E. DARWIN SMITH, Justice. The objection that different causes of action are improperly joined in the complaint in this suit, is untenable. The object of the suit is to reach the equi-

Eldridge agt. Bell and Bell.

table property of the judgment-debtor, in the hands of the other defendant William L. Bell, and the rules which apply to equitable suits are to govern this case, and not those which are exclusively applicable to legal actions, or causes of action of a purely legal character. The defendant Samuel Bell is unnecessarily made a party to the suit, and the only difficulty I had at the hearing was in respect to the question, whether the demurrer could be sustained on that ground. The Code allows demurrers to be taken in the following order, in respect to the causes of the demurrer :—

1st. That the court has no jurisdiction of the person of the defendant or subject matter of the action.

2d. That the plaintiff has not legal capacity to sue.

3d. That there is another action pending between the same parties for the same cause of action.

4th. That there is a defect of parties, plaintiff or defendant.

5th. That several causes of action have been improperly joined.

6th. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer in this case is for 5th and 6th causes, as above specified. The previous four specifications are passed, and therefore the demurrer can only be sustained upon one of these specifications. The specification designated as number five, above mentioned, is untenable as above stated. Can this objection of the improper joinder of parties be made under the last specification—that the complaint does not state facts and circumstances sufficient to constitute a cause of action? This is the only question that remains. I think it cannot; that if the misjoinder of parties were a ground of demurrer when the order of objections in respect to the parties to the action was passed, it is to be considered admitted for the purpose of further prosecution of the suit; that the parties are rightfully before the court, and that all objections on that score are waived. (See 16 Barb. 65; Loomis agt. Tift, id. 541, also 12 Howard, 134; id. 183, &c.)

Eldridge agt. Bell and Bell.

The objection that the complaint does not state a cause of action against both defendants jointly, proceeds upon the principles applicable to legal actions, or actions to enforce strictly legal rights. The rule that the complaint must show a joint cause of action against all the defendants, is only applicable at law, and never did apply in equity. If the proper parties were before the court, courts of equity always gave relief, although there might be an excess of parties, or parties in whose favor the bill was dismissed with costs.

The defendants have jointly demurred. There is a good cause of action stated in the complaint against William L. Bell, and it is no injury to him that his father is unnecessarily made a party. The complaint, at the hearing, may be dismissed as to Samuel Bell, with costs: but his being a party cannot defeat the plaintiff's right of action as against the other defendant, or affect his rights. A good cause of action against some of the parties to the record, will sustain a suit in equity, and formal defects will be amended by the court, or be overlooked when the objection is not distinctly made, and in due time. If Samuel Bell had alone demurred for the reason that he was unnecessarily made a party, his demurrer might have been sustained; but the other defendant has no ground of demurrer for that reason; and if he had, he must be deemed to have waived it by not presenting it formally and in its proper order. (8 *Howard,* 392; 1 *Abbott,* 82; 4 *Ed. Chy.* 210.)

Demurrer overruled, with leave to answer on payment of costs.