LINN and another vs. HORTON, impleaded with others.

17 | 151
60 LRA | 433

The holder of a bill or note may rely, if he chooses, on the responsibility of his immediate indorser, and need not give notice of protest for non-acceptance or non-payment to any previous party.

In such case, if notice be properly given in due time by the later indorser to previous parties, it will enure to the benefit of the holder, and he may recover from any of them.

It is no objection to such notice that it was not received so soon by an earlier indor-

ser as it would have been if transmitted directly by the holder or notary, provided it was sent with reasonable diligence by each indorser as he received it.

The same degree of diligence must be exercised by the indorser, in forwarding notice, as is required of the holder.   Ordinary diligence must be used in both cases.

The indorser is not bound to forward notice to a previous party on the same day on which he receives it, but may wait until the next day.

For the purpose of receiving and transmitting notice, those who hold negotiable paper at the time of protest, and those who indorse as mere agents to collect, are regarded as real parties to the paper; the former as holders in fact, and the latter as actual indorsers for value.

On the day a note fell due at Janesville, in this state, notices of protest addressed severally to H., (who had indorsed for the makers and resided near Janesville,) to the payees, and to their bankers in New York, (who had respectively indorsed the note for collection,) were sent by mail, post-paid, to the latter, who received them and on the same day delivered to the payees the notices for them and H.; and on the same day the payees forwarded the notice for H., by mail, post-paid, directed to him at his proper post office at Janesville; but it was never received by him.  *Held,* in an action by the payees, that H. was chargeable with notice.

APPEAL from the Circuit Court for *Rock* County.

Yates and Gray, for value, gave their note, indorsed for them by *Horton* before delivery, and payable to the plaintiffs or order at the Rock County Bank, at Janesville, in this state.  Before the note became due, the plaintiffs, who were merchants in the city of New York, indorsed it for collection to Kissam & Taylor, bankers in the same city, who indorsed it and sent it for collection to the Central Bank of Wisconsin, at Janesville.  Default having been made in its payment when due, to-wit, November 22, 1861, it was duly protested, and on the same day the note and notice of protest for *Horton*, and like notices for Kissam & Taylor and the plaintiffs respectively, were enclosed in an envelope and deposited in the post office at Janesville, post-paid, directed to Kissam & Taylor, who received the same November 27.   On the same day Kissam & Taylor delivered to the plaintiffs the notices addressed to them and to *Horton* respectively; and the plaintiffs, on the same day, enclosed the notice for *Horton* in an envelope directed to him at Janesville, and deposited the same, post-paid, in the post office at New York; but the notice was never, in fact, received by

*Horton.* This action was brought against *Horton* together with the makers; but the circuit court found that "the notary, who protested the note, did not use due diligence to ascertain the residence of *Horton*," and thereupon held that proper steps had not been taken to charge him, and rendered judgment in his favor; from which the plaintiffs appealed.

*Conger & Hawes,* for appellants:

The notice given *Horton* was a legal notice, even though his residence was known to the notary. It was proper to serve by mail, as was done in this case, and the respondent took the risk of miscarriage. Edwards on Bills, 606. It was not necessary that the notary who made the demand should serve the notice, but it might be served by any other person. Edwards on Bills, 473–4; *Mead vs. Engs,* 5 Cow., 303; *Safford vs. Wyckoff,* 1 Hill, 11; *Howard vs. Ives,* id., 263; *Bank U. S. vs. Davis,* 2 id., 451; *Sheldon vs. Benham,* 4 id., 129; *Church vs. Barlow,* 9 Pick., 547; *Colt vs. Noble,* 5 Mass., 167; *True vs. Collins,* 3 Allen, 438; *Fitchburg Bank vs. Perley,* 2 id., 433; *Eagle Bank vs. Hathaway,* 5 Met., 212.

*Charles G. Williams,* for respondent. [No argument on file.]

*By the Court,* DIXON, C. J. It is an established principle of mercantile law, that if the holder of a bill or note chooses to rely upon the responsibility of his immediate indorser, there is no necessity for his giving notice to any previous party; and if such notice be properly given, in due time, by the other parties, it will enure to the benefit of the holder, and he may recover thereon against any of them. Thus, if the holder notifies the sixth indorser, and he the fifth, and so on to the first, the latter will be liable to all the parties. 1 Parsons on Bills and Notes, 503, 504; and Edwards on Bills and Notes, 473, 474, and the cases cited. And it is no objection to such notice that it is not in fact received so soon by the first or any prior indorser, as if it had been transmitted directly by the

holder or notary, provided it has been seasonably sent by each indorser as he receives it. *Colt vs. Noble*, 5 Mass., 167; *Mead vs. Engs*, 5 Cow., 303; *Howard vs. Ives*, 1 Hill, 263. And the same degree of diligence must be exercised on the part of the indorser in forwarding notice as is required of the holder. Ordinary diligence must be used in both cases. He is not bound to forward notice on the very day upon which he receives it, but may wait until the next. *Howard vs. Ives*, and the authorities cited.

For the purpose of receiving and transmitting notices, those who hold at the time of protest, and those who indorse as mere agents to collect, are regarded as real parties to the bill or note; the former as holders in fact, and the latter as actual indorsers for value. *Mead vs. Engs*; *Howard vs. Ives*.

It follows from these principles, that the proper steps were taken to charge the defendant *Horton* as indorser. Notice for him was forwarded by mail, post-paid, on the day of the protest, to the agents and last indorsers in New York, and delivered by them, on the day it was received, to the plaintiffs, their immediate indorsers, who, on the same day, deposited it, inclosed in an envelope, post-paid, in the post office at New York, directed to the defendant at Janesville, Wisconsin, his proper post office.

Under these circumstances the only question which can possibly arise is, whether the defendant ought to be discharged by reason of the notice not having been in fact received by him. He testifies that it was not. Professor Parsons observes that in all the cases of constructive notices, where notice given by a subsequent to a prior indorser has been held to enure to the benefit of the immediate indorser, it has appeared that the notice was actually received; and he raises a question whether this would be so, if the notice was sent to the wrong place. 1 Pars. on Notes and Bills, 504, note, and 627. But here the notice was sent to the *right* place. Besides, the plaintiffs, who seek to avail themselves of the notice, are the indorsers who

sent it to the defendant as the indorser next immediately preceding them. We have already seen that the rule of diligence as to them is the same as in the case of the holder.

Let the judgment be reversed, and the cause remanded with directions to enter judgment in favor of the plaintiffs according to the demand of the complaint.