FLADLAND VS. DELAPLAINE and another.

Under sec. 45, p. 287, of the Territorial Statutes of 1839, which provides that in a chancery suit the court may by order direct a non-resident defendant to appear, plead, &c., "at a certain day therein to be named, not less than three nor more than six months from the date of such order," and subd. 10, sec. 1, p. 35, which provides that in the construction of statutes the word "month" shall be construed to mean a calendar month, unless otherwise expressed, an order of court in a foreclosure suit which required the mortgagor to answer " within ninety days," did not confer any jurisdiction over his person or property, and the proceedings in the suit were void as to him.

Whether or not a mortgagee (or his assignee), after the mortgage debt is past due, can maintain an action of ejectment to recover the mortgaged premises against a stranger to the mortgagor, claiming under a tax deed (a point not here decided), he must at least, in order to maintain his action, prove that there was a debt past due and unpaid, secured by his mortgage; and a decree in foreclosure of such mortgage, where jurisdiction was not obtained over the mortgagor, is not evidence of those facts as against such stranger.

ERROR to the Circuit Court for *Dane* County.

The action below was ejectment by *Delaplaine* and *Burdick* against *Fladland.* The plaintiffs' title was derived through a mesne conveyance from one Jesse Rhodes; and to establish title in the latter they put in evidence the record of a decree and proceedings in a suit in said court brought by said Rhodes against John Liedburg and Davenport Rood to foreclose a mortgage of the premises here in dispute. *Fladland* objected to the evidence, for the reason, among others, that no personal service of the summons was made upon Liedburg (who was the mortgagor), and that the order for publication (which was not dated), required him to appear and plead within ninety days, while by the statute then in force he was entitled to not less than three calendar months; but the objection was overruled.—Judgment was rendered for the plaintiffs; to reverse which the defendant brought the present suit.

*Welch & Lamb,* and *P. L. Spooner,* for plaintiff in error.

*Gregory & Pinney,* for defendants in error :

1. The order of publication was at most irregular, and might have been set aside on motion, but it was not void. But it

will be found, we think, that the order was regular in all respects. It was made before the R. S. of 1849 took effect, which provided that when the word "month" was used, it should be construed to mean a calendar month. There was no such statute in force then, and the word "month," as used in R. S. 1839, p. 287, § 45, means a lunar month. 2 Black. Com., 141; *Loring v. Halling*, 15 Johns., 119; *Tullet v. Linfield*, 3 Burr., 1455; Doug., 446, 463; 1 W. Black., 450; 4 Wend., 512; 2 Cow., 518, 605; 6 Term, 226; 1 Johns. Cas., 100. 2. But were we to concede that the foreclosure is defective, the plaintiffs would be assignees of the mortgage interest of Rhodes, and as such could maintain the action against the defendant, who is a stranger to the mortgagor, claiming under a third party. The mortgage became due June 24, 1849. The equity of redemption expired June 24, 1859 (R. S., ch. 138, sec. 22; R S. 1849, ch. 127, sec. 27); and therefore the plaintiffs can maintain the action whether the foreclosure is void or not. R. S., ch. 141, sec. 28.

*By the Court*, DOWNER, J. Davenport Rood conveyed the premises in dispute to John Liedburg, who executed a mortgage to Rood to secure the purchase money. Suit was brought to foreclose the mortgage in the circuit court for the county of Dane by Jesse Rhodes, the assignee of Rood, and he and Liedburg were the only defendants to the action. There was no personal service on Liedburg, nor did he appear in the action, and if there was any service on him at all, it was by the publication of an order for him to appear and plead. The record in this court shows neither the date of the order nor the time it was filed in the circuit court. The defendants in error, plaintiffs below, trace their title to the premises through the foreclosure decree and sale under it. It is insisted that the proceedings in that action are void, and we think they are as to the defendant Liedburg. The Revised Statutes of 1839, which the counsel for the defendants in error claim were in

force at the time the order of publication was made, provide (sec. 45, p. 287) that "the court may by order direct such absent defendant to appear, plead, answer or demur to the complainant's bill of complaint at a certain day therein to be named, not less than three nor more than six months from the date of such order." The tenth subdivision of section one of "An act concerning the construction of statutes" (R. S. 1839, p. 35), provides that the word "month" shall be construed to mean a calendar month, unless otherwise expressed. According to these provisions the order should have required Liedburg to appear and answer the bill on a *day certain*, not less than *three months* from the date of the order. The order made fixes no day on which he should appear and answer, but requires him to do it in less than three months. In proceedings against absent or non-resident defendants, where there is no personal service, the courts have uniformly held that the directions of the statute must be strictly followed. In this case there is no pretense that the circuit court obtained jurisdiction as to Liedburg and his property in any other way than by virtue of the order and its publication. This order was not such as the statute authorized. If it would be valid when it required the defendant to answer *within ninety days*, instead of *on a certain day beyond the period of three calendar months*, it would be valid if it required him to answer in thirty days or any shorter time. It is clear to us that the proceedings in the foreclosure suit are entirely void as to Liedburg.

But it is said, "Concede that the foreclosure is defective, the plaintiffs below would be assignees of the mortgage interest of Rhodes, and as such could maintain the action of ejectment against *Fladland*." If we were to concede that a mortgagee, after the debt secured by the mortgage was past due, could maintain an action of ejectment to recover the mortgaged premises, it would not follow that the plaintiffs below could maintain this action. Rhodes was assignee of the mortgage before the foreclosure suit was commenced; and after he re-

ceived the sheriff's deed as purchaser at the sale under the foreclosure judgment, he was only assignee. Exclude the foreclosure record entirely, and the rights of the parties would be the same. If Rhodes himself had brought the action of ejectment, he must, as against the defendant below, a stranger to the mortgage, have proved that there was a debt past due and unpaid, secured by the mortgage. The record before us furnishes no such proof, or rather nothing that is evidence on this point against the defendant below.*

The judgment of the court below is reversed, with costs, and a *venire de novo* awarded.

---

*The bill of exceptions is not now on file in this court; but it appears not to have set out in full the proceedings in the foreclosure case of *Rhodes v. Liedburg and Rood,* including this mortgage, the notes secured thereby, and the assignment to Rhodes by the mortgagee. The counsel for defendants in error moved for leave to file and serve a motion and argument for a rehearing, upon affidavits showing that said mortgage and other written instruments above named were read by them at the trial in the circuit court; and also showing that said counsel had just discovered an act of the territorial legislature, approved January 6th, 1844 (Laws of 1844, p. 35), amending the act prescribing the mode of proceeding in chancery, which they had been unable theretofore to find, notwithstanding they had diligently searched therefor, and that they verily believed that under that law, which remained in force when the order to answer was made in the case of *Rhodes v. Liedburg and Rood,* the title of defendants in error was perfect. The motion was opposed by an affidavit of one of the attorneys for plaintiff in error, which stated that said notes and mortgage were not offered in evidence in the court below as distinct from other papers, but only as part of the foreclosure proceedings, and not for the purpose of showing that *Delaplaine & Burdick* were assignees of said notes and mortgage, but to show absolute title in them; that the case was tried in the circuit court on the theory that *Delaplaine & Burdick* were the absolute owners in fee simple of the land in question; that affiant believed that *Fladland* could produce evidence that would meet and overcome completely said evidence that *Delaplaine & Burdick* were the assignees in law or equity of said notes and mortgage, and that the same was not brought forward at said trial, because the plaintiffs below did not attempt to prove themselves assignees of said mortgage and mortgage debt.

The motion was denied.—REP.