FREDERICK DAVEY v. EVAN JONES.

1. The plaintiff, who was endorsee of the note sued on, sent it to a bank for collection. The notary of the bank read the plaintiff's name Darcy, instead of Davey, and the notices of protest, being sent to Darcy, never reached the plaintiff, Davey, so that he failed to give the requisite notice to his endorser, the defendant, Jones. *Held*—That the plaintiff is not entitled to recover against Jones.

2. The bank knew who the holder was, and was bound to inform the

notary, who was its agent, and not the agent of the plaintiff. The notary, therefore, was chargeable with the knowledge which the bank had.

3. A bank which assumes the duty of a collecting agent, is absolutely liable for any negligence or default of a notary or correspondent, as well as of its own immediate servants, in relation to it.

On rule to show cause.

Argued at November Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff, *G. F. Parot.*

For the defendant, *W. J. Magie.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is a suit upon a promissory note, drawn by Lewis D. Jones to the order of the defendant, Evan Jones, and by him endorsed to the plaintiff.  The note was payable at the First National Bank of Jersey City.  The plaintiff resides at Finderne, in Somerset county, and the defendant at Plainfield, in the county of Union, in this state. The plaintiff endorsed the note, and left it, before its maturity, for collection, at the First National Bank of Jersey City, to the officers of which he was known, and where he had been a dealer and depositor for twenty years.  When the note came due, the drawer had no funds in bank to meet it, and it was handed by the teller of the bank to the notary, for protest. The notary, by mistake, read the plaintiff's name on the note Frederick Darcy, instead of Frederick Davey, and made out the notices of protest to Frederick Darcy and Evan Jones, and enclosed them in an envelope, directed to Frederick Darcy, Jersey City.  In consequence of this mistake, the notices did not reach the plaintiff, and no notice was, therefore, sent to or received by Evan Jones, the defendant.

The plaintiff sets up these circumstances in excuse of his failure to give notice of non-payment to the defendant.

When a note is deposited by the holder with an agent or bank, for the purpose of collection at maturity, such agent or bank will be entitled to the same time to give notice of dishonor to his principal as if such depositary were the real holder for value, and the principal will be entitled, after he receives such notice from his agent, to the like time to transmit notice to the antecedent parties, whom he seeks to charge, as if he were an endorser, and had received notice from the real holder for value, and not from his own agent. *Haynes* v. *Birks*, 3 *B. & P.* 599 ; *Howard* v. *Ives*, 1 *Hill* 263 ; *Colt* v. *Noble*, 5 *Mass.* 167 ; *Howland* v. *Adrain*, 1 *Vroom* 41 ; *State Bank* v. *Ayers*, 2 *Halst.* 130 ; *Story on Prom. Notes*, § 326.

The bank, therefore, had the option to send the notice to each endorser, or to send all the notices to the plaintiff, upon whom the duty would then have fallen to notify the prior parties.

Collecting agents are recognized in the law as holders for collection, and for all the purposes of demand and notice, and the exercise of due diligence after dishonor, they are holders of the note; and the law imposes upon them the duty of doing all that the owner would be required to do for the protection of his rights, and makes them liable over to the owner for default in that duty. *Bartlett* v. *Isbell*, 31 *Conn.* 296 ; *Mechanics' Bank* v. *Titus*, 6 *Vroom* 588 ; *Beall* v. *Parrish*, 20 *N. Y.* 407.

The bank knew the holder, and was bound to inform the notary, who was its agent, and not the agent of the plaintiff. *Howard* v. *Ives*, 1 *Hill* 263 ; *Mead* v. *Engs*, 5 *Cow.* 303 ; *Bartlett* v. *Isbell*, 31 *Conn.* 296.

The notary, therefore, being the agent of the bank, is chargeable in law with the knowledge which the bank had, and must be presumed to have known who the plaintiff was. It was the duty of the agent, on behalf of his principal, to send the notices to Frederick Davey, and his failure to do so must be treated as the negligence of the bank. If the plaintiff's name was written ambiguously, it was carelessness on the part of the bank not to inform the notary what the name was.

A bank which assumes the duty of a collecting agent, is absolutely liable for any negligence or default of a notary or correspondent, as well as of its own immediate servants, in relation to it. This was declared to be the law in New York, by the leading case of *Allen* v. *Merchants' Bank*, 22 *Wend.* 214. In that case, it was held that a bank receiving for collection a bill of exchange drawn in New York, upon a person residing in another state, is liable for any neglect of duty occurring in its collection, whether arising from the default of its officers here, its correspondents abroad, or of agents employed by such correspondents, and that the omission to give notice of non-acceptance, happening through the default of a commissioned public officer, a notary does not vary the rights of the parties, *pro hac vice;* he acted merely as the agent of his employers, and not in his official capacity.

Although, in this case, there was a divided court, it became the firmly established law of New York, by a unanimous opinion of the Court of Appeals, in *Ayrault* v. *Pacific Bank*, 47 *N. Y.* 573. The correctness of the rule was recognized in this state, in *Mechanics' Bank* v. *Titus*, 6 *Vroom* 588.

In *Paterson Bank* v. *Butler*, 7 *Halst.* 268, it was held that a letter misdirected, when information was attainable, and when the residence was actually known to the plaintiff, cannot be excused by any want of actual information of the notary's clerk, for, in this part of the transaction, the notary was so much the mere agent of the endorsees, that he must be deemed to have had knowledge of whatever, in respect to the place of residence, was known to the former.

The result of these rules is, that the default in giving notice arose either from the negligence of the plaintiff in writing his name ambiguously upon the note, or from the carelessness of his collecting agent, and the plaintiff, therefore, has shown no excuse for failure to give the requisite notice of dishonor to the defendant, in order to fix him with liability as first endorser.

The rule to show cause should be made absolute.