SAMUEL S. WALKER ET AL., RESPONDENTS, *v.* CHARLES POPPER AND THE FIRST NATIONAL BANK OF UTAH, APPELLANTS.

1. PAYEE OF NOTE CAN BE SHOWN BY PAROL.—Where a note was made payable to the "cashier" of a bank: *Held*, That the bank could indorse the same, and parol evidence could be admitted to show that the cashier had no interest therein, but that the same was owed by the bank.

2. WAIVER OF PROTEST A WAIVER OF DEMAND.—A waiver of notice and protest by an indorser is also a waiver of demand.

3. JOINT DEMURRER.—Where two defendants join in a demurrer to a complaint, the same should be overruled if a good cause of action is stated against either defendant.

Appeal from the Third Judicial District Court.

The facts are stated in the opinion of the court.

*Marshal & Royle*, for appellants.

The complaint alleges that by the promissory note defendant Popper "promised to pay the order of A. Godbe, cashier of said bank." This allegation, as it stands, makes A. Godbe the payee, and the words "cashier of said bank" are merely a description and designation of the man Godbe.

But that there might be no mistake that Godbe, personally, was the payee intended, the complaint further alleges: "And the said A. Godbe, cashier, was named as the payee therein, as an agent and officer of said bank." An "agent" an "officer" of the bank personally, and not as the bank.

As to defendant, First National Bank of Utah, there should have been a demand at the bank for the payment of said note alleged, and if denied by the answer, proved. The waiver of

notice and protest was not a waiver of demand for payment. A protest of this note was unnecessary, and would not have been evidence of any fact. 1 Parsons on Contracts, 5 ed. 286–7; Leading Cases on Bills of Exchange, etc., 470.

A waiver of protest is, therefore, no waiver of any of defendant's rights in that regard.

Notice being waived, a demand for payment was still necessary. Leading Cases on Bills of Exchange, 468, 469, 470.

*Baskin & De Wolfe*, for respondents.

The answers of both defendants at the outset deny that the First National Bank of Utah was the real and actual party in interest in the note sued upon, at the time of its execution and delivery by the defendant Popper. But the separate answer of the bank further on, admits that Warren Hussey was the president of the bank and that Anthony Godbe was its cashier, and that the "names of these officers were used in the transactions" regarding this note. The answer does not deny their authority so to act, and by a failure to deny, admits it, and, therefore becomes bound by their acts.

The denials in the first part of the answer are inconsistent with the subsequent admissions, and when the different statements are inconsistent they cannot stand.

BOREMAN, J., delivered the opinion of the court:

This is an action on a negotiable promissory note against the maker and an alleged indorser. The defendants below (appellants here) demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer having been overruled, the defendants answered, and thereupon, pending the impaneling of the jury, the plaintiffs (respondents here) moved for judgment on the pleadings. The court sustained the motion, and gave judgment for the plaintiffs, from which action of the court below the appellants bring the cause to this court.

The overruling the demurrer to the complaint is assigned as error.

7

It is urged that as the note is made payable to " A. Godbe, cashier " of said bank, and there is no allegation that Godbe indorsed or delivered said note to the respondents, that he, and not the bank was the payee, and that respondents had no interest therein. The complaint fully describes in what capacity Godbe's name appeared in said note: that he had no interest therein, but simply represented the bank. Under the allegations proof could be admitted to show that the bank and not himself individually was the owner and holder of the note prior to indorsement, and that the bank indorsed the note to respondents. *Barnes* v. *Ontario Bank*, 19 N. Y. 152; *Melledge* v. *Boston Iron Co.*, 5 Cush. 158; *Shelton* v. *Darling*, 2 Conn. 435; *Farmers and Mechanics Bank* v. *Troy City Bank*, 1 Doug. (Mich.) 457; 1 Parsons on Bills and Notes, p. 167 *et seq.; Jaccard* v. *Anderson*, 36 Mo. 91.

As another reason why the demurrer should have been sustained it is urged that no demand was made at the bank for payment of the note. The complaint alleges a waiver of protest and notice, but says nothing as to demand. There is a conflict of authority as to whether the waiving of protest constitutes a waiver of demand. We are inclined to think the better view to be that a waiver of protest is a waiver of demand. *Union Bank* v. *Hyde*, 6 Wheat. 572; *Coddington* v. *Davis*, 1 Comst. 186; 1 Parsons on Bills and Notes, pp. 576–579; *Gordon* v. *Montgomery*, 19 Ind. 110.

It is further objected that the complaint fails to allege that the note has not been paid. The language of that part of the complaint is " that by reason of the premises said defendants are justly indebted to them in the sum of three thousand five hundred dollars ($3,500) which said defendants have not paid, nor any part thereof." This is a sufficient allegation of the non-payment of the note.

The demurrer, however, was the joint action of both defendants, and as there was beyond question a good cause of action stated against defendant Popper the demurrer could not stand, and on that ground, if on no other, it was properly overruled.

Samuel S. Walker et al. v. Charles Popper et al.

The remaining alleged errors have reference to the judgment upon the pleadings.

The answers of both defendants substantially assert that the note was given for the accommodation of Warren Hussey, and was only to be used as collateral security to ensure the delivery of certain ores within sixty days, and that respondents knew all these facts when they took the note; and it is further stated that the delivery of the ores for which it was to stand as security was completed within the sixty days, and that therefore the note belonged to defendant Popper. If the object of the note was known to the respondents when they received it, and its object had been accomplished, they then hold the note just as if payable to themselves and given without consideration, and appellant Popper would have the same defense against them as against the bank or Warren Hussey. The object for which the note was given had been accomplished and the note had completed its work. It was *functus officio*, and should have been delivered up to the maker.

The answers, therefore, set up a good defense, to say nothing of the issues raised by the denials. The action of the court below, therefore, in rendering judgment for respondents on the pleadings was erroneous, and the judgment is reversed, with costs, and the cause remanded to the court below to be proceeded with in accordance with this opinion.

SCHAEFFER, C. J., and EMERSON, J., concur.