No. 7217.

## SANDERS ET AL. *v.* FARRELL ET AL.

MORTGAGE.—*Reformation and Foreclosure.* — *Pleading.* — *Parties.* — *Fraud.*— Complaint to reform a mortgage as to the lands described, and to foreclose it. In addition to other necessary allegations, F. S. and D. Y., it was averred, had obtained a judgment against the mortgagor and had the same adjudged a lien upon the lands intended to be mortgaged, which they had assigned to C. S. voluntarily, without consideration and to defraud the plaintiff, of which C. S. had knowledge, as he also had of the plaintiff's mortgage and the mistake in it; also that F. S., S. S. and R. N. had obtained, in the circuit court of the county where the lands were, a judgment against the mortgagor for $271.53, which they had assigned to C. S. to defraud the plaintiff, of which C. S. had knowledge. F. S., D. Y., S. S. and R. N. and also C. S. were, with the mortgagor, made defendants.

*Held*, that the complaint was good against C. S. on separate demurrer by him, and showed a right to foreclose and reform as against him, save possibly as to the judgment which had been decreed a lien.

*Held*, also, that a joint demurrer by F. S., D. Y., S. S. and R. N. should be overruled, the complaint being good against some of them.

SAME.—*Merger.*—*Judgment.*—*Evidence.*—A judgment and foreclosure of a mortgage do not so merge the mortgage and note secured by it, that

they may not be admitted as evidence in another suit to reform and foreclose the mortgage upon the land intended to be mortgaged.

SAME.—*Fraud.*—*Consideration.*—A mortgage taken in good faith for $150, the consideration being a present debt of $100, and a promise of the mortgagee to furnish, at once, $50 in goods, which he performs, is not a fraud on the other creditors.

SAME.—*Parties.*—*Issues.*—*Evidence.*—*Title.*—In a suit to foreclose a mortgage, a party defendant who is made a party because he holds a lien, and who answers only the general denial, want of consideration, and that the mortgage was made and taken to defraud creditors, can not, on the trial, prove title paramount in himself to the lands mortgaged, such evidence not being within the issues.

PLEADING.—*Inconsistent Defences.*—*Practice.*—Where a defendant pleads two inconsistent defences, one of them should be rejected, and therefore it is not available error to sustain a demurrer to one of them.

BILL OF EXCEPTIONS.—*Evidence.*—*Supreme Court.*—Where a bill of exceptions merely states that a certain "mortgage (Ex. A) was read in evidence," the mortgage does not become a part of the bill, though it be elsewhere in the record, and it is apparent that the bill does not contain all the evidence, though it states that it does, and, therefore, the Supreme Court will not consider whether the evidence was sufficient to sustain the verdict.

JUDGMENT.—*Exceptions.*—*Supreme Court.*—Where no objection or exception has been made below to the judgment, it can not be questioned in the Supreme Court.

From the Henry Circuit Court.

*T. B. Redding, J. H. Mellett* and *E. H. Bundy,* for appellants.
*D. W. Chambers, J. S. Hedges* and *E. Saint,* for appellees.

MORRIS, C.—The appellee James D. Farrell brought this suit against the appellants and his co-appellees, to reform and foreclose a mortgage. The complaint consisted of two paragraphs. A demurrer was sustained to the first and it need not be noticed.

The second paragraph states that on the 7th day of September, 1875, Joseph Dutton and Maria, his wife, executed to the appellee Farrell a mortgage, intending to convey to him the real estate therein described as security for the payment of a debt evidenced by a note, a copy of each of which is filed with the complaint, amounting to the sum of $150; that said note and mortgage are marked exhibits " C " and

" D "; that the same are due and unpaid. It is further averred, that the premises intended to be mortgaged by the mortgagors and mortgagee were erroneously described in said mortgage; that the figure " 2," in giving the number of Joseph Yount's addition in the description in said mortgage, was inserted by mistake of the parties to said mortgage, instead of the figure " 3 "; that in order to make said mortgage pass and convey to the mortgagee the lots intended by him and the mortgagors to be mortgaged, and to make said mortgage conform to the actual intention of the parties to it, it is necessary that the description be so reformed as to read " 3d addition " instead of " 2d addition." That the description should be, and was intended to be, as follows: " Lots four (4) and five (5) in block No. 1, of Joseph Yount's 3d addition to the town of Middletown, Indiana;" that the mortgagors at the time owned the above described lots, and had a right to mortgage the same; that they had no right, title or interest in or to the lots actually, but mistakenly, described in said mortgage. It is also alleged, that on the 4th day of September, 1875, Sophia Summers, as executrix of Roland F. Summers, recovered a judgment against Joseph Dutton, before a justice of the peace of Henry county, for the sum of $7.74; that on the 7th day of September, 1875, and subsequent to the execution of said mortgage, she caused a transcript of said judgment to be filed in the office of the clerk of the Henry Circuit Court; that at the September term of said court, and on the 9th day of September, 1875, Francis M. Sanders and David S. Yount recovered a judgment against the said Joseph Dutton for the sum of $——, and had the same declared a lien on said lots 4 and 5 in Yount's 3d addition to Middletown, in an action by them against said Joseph Dutton, Maria Dutton and David Davis, and on the 24th day of March, 1876, they, Sanders and Yount, voluntarily and without any consideration, and for the purpose of defrauding the appellee Farrell, assigned said judgment, by writing on the margin thereof, to Christopher C. Sanders, who well

knew that the assignment was fraudulent and intended to defraud Farrell; that said Christopher C. Sanders knew at the time he took said assignment, that the appellee held said mortgage, and that there was a mistake in it as to the description of said addition in which they were situate; that on the 9th day of September, 1875, Francis M. Sanders, Simon H. Summers and Ralph Nichols obtained a judgment against Joseph Dutton for $271.53, in the Henry Circuit Court, and that on the 24th day of March, 1876, the said Sanders, Summers and Nichols assigned said judgment to the said Christopher C. Sanders without consideration and with intent to defraud Farrell; that Christopher C. Sanders then knew that Farrell had a mortgage on said lots 4 and 5, and of the mistake in the same. The prayer is that the mortgage may be reformed and foreclosed as reformed, and that he have judgment for $164.50. Copies of the mortgage and note were filed with this paragraph of the complaint.

The appellant Christopher C. Sanders demurred separately to the second paragraph of the complaint. The appellants Francis M. Sanders, Simon S. Summers, Ralph Nichols and David S. Yount also demurred. The demurrers were overruled by the court.

Christopher C. Sanders answered the complaint in three paragraphs, the first being the general denial. The second paragraph of the answer stated that the mortgage, executed by the Duttons to the appellee Farrell, was executed without any consideration. The third avers that the mortgage was executed by the Duttons with intent to cheat, hinder and defraud the creditors of Joseph Dutton; that said Farrell knew the fraudulent purpose for which it was executed and participated in said fraud, and combined and confederated with said Duttons to cheat, hinder and defraud the creditors of the said Joseph Dutton.

Francis M. Sanders, David S. Yount, Simon Summers and Sophia Summers, executrix of Roland F. Summers, and Ralph Nichols answered that they had no interest in the several

judgments and liens mentioned in the complaint; that, before the commencement of this suit, they assigned their interests in said liens for value to their co-defendant Christopher ·C. Sanders, in good faith. They also answered by a general ·denial.

The appellee Farrell demurred to the first paragraph of the answer of Francis M. Sanders and others, and the demurrer was sustained. He replied to the second and third paragraphs of the answer of Christopher C. Sanders.

The cause was submitted to a jury, who found for the appellee Farrell, as against the Duttons, in the sum of $175, :and against the other appellants, except Sophia Summers, in ·the sum of $107, and in favor of Sophia Summers.

The appellants moved for a new trial, on the ground that the verdict of the jury was not sustained by sufficient evidence .and was contrary to law, and because the court erred in giving and in refusing to give certain charges to the jury, and in permitting the appellee Farrell to give in evidence the mortgage given by the Duttons to him, and in not allowing the appellants to put in evidence the record of a former suit, in which said mortgage had been foreclosed.

The motion was overruled, and a judgment and decree rendered in accordance with the findings of the jury.

The errors assigned question the rulings of the court upon the several demurrers to the complaint, the demurrer to the first paragraph of the answer of James M. Sanders and others, .and upon the motion for a new trial.

There was no error, we think, in overruling the demurrers to the complaint. The facts stated in the complaint constituted a cause of action against Christopher C. Sanders. True, the complaint alleges that he was the assignee of a judgment obtained in the Henry Circuit Court, on the 9th day of September, 1875, against the mortgagors, which had been declared to be a lien on the land in controversy. But the facts alleged .showed a right on the part of Farrell to have his mortgage reformed as against the other appellees at least, and as against

him, except, perhaps, as to said judgment. Christopher C. Sanders was a proper party. It is not insisted, with much earnestness, that the court erred in overruling the demurrer of the other defendants to the complaint. They were, upon the facts stated, proper parties, interested in the relief demanded. If, as to any of them, as the demurrer must be regarded as a joint demurrer, the facts stated constituted a good, equitable cause of action, there was no error in overruling it. *Eich-bredt* v. *Angerman*, 80 Ind. 208. That it stated a good cause of action against most, if not all, of them, is very clear. There was no error in overruling the demurrers to the complaint.

Nor do we think there was any available error in sustaining the demurrer to the joint answer of Francis M. Sanders and others. In the first paragraph of the answer, they disclaimed having any interest in the several judgments which they were alleged to have recovered against Joseph Dutton, for the reason that they had, in good faith, assigned their interest in them to their co-defendant Christopher C. Sanders. In the second paragraph of the answer, they denied the allegations of the complaint. These paragraphs are not consistent, and on motion one or the other should have been rejected. If, therefore, there was error in sustaining the demurrer to the first, the error was harmless and can not avail the appellants.

Though the bill of exceptions purports to contain all the evidence given in the case, it appears, upon its face, that it does not. The bill states that the mortgage, marked exhibit "A" was offered in evidence by Farrell, and objected to by the appellants because it had been once foreclosed and merged in the judgment of foreclosure. The objection was overruled. The bill of exceptions then proceeds: "Mortgage (Ex. A) read in evidence." Though the exhibit referred to is in another part of the record, it did not, by this reference, become a part of the bill of exceptions. *Endsley* v. *State*, 76

Ind. 467; *Sidener* v. *Davis,* 69 Ind. 336; *Huston* v. *Mc-Closkey,* 76 Ind. 38.

Where the record shows, as in this case, that the evidence is not all in the bill of exceptions, it is not sufficient to present any question upon the sufficiency of the evidence to sustain the verdict. *Clay* v. *Clark,* 76 Ind. 161.

The appellant insists that the court erred in permitting the appellee to read in evidence the note executed to him by the mortgagors, because it was filed as an exhibit with the first paragraph of the complaint, to which a demurrer had been sustained, and not as a part of the second paragraph. The note is fully described in the second paragraph, and it is alleged that a copy of it is filed. It was sufficiently referred to and identified to authorize it to be read in evidence upon the trial upon the second paragraph of the complaint, though it had been filed as an exhibit with the first. There was no error in overruling this objection.

The appellants also insist that the court erred in refusing to allow them to read in evidence the record of a previous foreclosure of the mortgage sought to be foreclosed in this suit, on the ground that it showed that the note and mortgage had been merged in the former judgment and decree of foreclosure. The record offered in evidence showed that Farrell had commenced a suit in the Henry Circuit Court against the mortgagors, without alleging any error or mistake in the mortgage, obtained a decree of foreclosure of the mortgage and an order for the sale of lots 4 and 5, in Yount's second addition to Middletown. The mortgage now sought to be reformed and foreclosed was not so merged in the former decree of foreclosure as to forbid its reformation and foreclosure as reformed in this suit. *Conyers* v. *Mericles,* 75 Ind. 443, and cases there cited. There was no error in refusing to admit this evidence.

It appears from the evidence that, at the time Dutton executed the note and mortgage to Farrell, he owed him only $100; that Dutton had been in the habit of buying his gro-

ceries of Farrell; that Farrell declined to trust him further. To secure a supply of $50 worth of groceries, for immediate use, Dutton proposed to give his note to Farrell for $150 and secure it by mortgage; Farrell agreed to this, and the note and mortgage were executed. The appellants insist that, as to the $50, the mortgage should be held to be fraudulent as against them. We do not think so. The contract was lawful; one that the parties had a right to make; it was reasonable, and if it was not entered into for the purpose of defrauding others, and has been performed in good faith, it should be upheld and enforced. There was no error in the charges of the court upon this point. As all the evidence is not in the bill of exceptions, the instructions given by the court will not be held to be erroneous, if, under any supposable state of the evidence, they would be right. Here, the promise of Farrell to supply Dutton $50 worth of groceries, made at the time the mortgage was executed, was not only a good consideration for the note, but bound Farrell from that time to furnish the groceries. He then, and not afterwards, became obliged to supply the groceries, and had a right, in the absence of any fraudulent purpose, to the stipulated security, not only as against subsequent but also as against the prior creditors of Dutton. Jones Mort., section 364, and cases there cited. The testimony shows no such fraudulent purpose.

On the trial, the appellants offered to show title in the appellant Christopher C. Sanders, based upon the foreclosure of a mortgage executed by the Duttons in 1873. The court excluded the evidence. The evidence was not within the issues, and was rightly excluded. The general denial simply questioned the existence of the note and mortgage sued on by Farrell. The second paragraph of the answer alleged that the note was without consideration. The third alleged that the note and mortgages were executed to hinder, delay and defraud the creditors of Dutton. These were the only issues in the case. The evidence offered was not admissible under either.

It is insisted that the decree is not in proper form; that the

court had no power to render such a decree.   No objections
or exceptions were taken to the decree at the time.   The record
presents no question for our consideration as to the decree.

Other questions, as to the sufficiency of the evidence to sus-
tain the verdict, are argued by counsel.   As the record does
not contain all the evidence, we can not disturb the verdict
upon the weight of the evidence, nor for the reason that the
evidence is insufficient.   We have considered all the questions
in the record discussed by the appellant.   We think there is
no available error in it.

PER CURIAM.—Upon the foregoing opinion, it is ordered
that the judgment below be affirmed, at the costs of the ap-
pellants.