## MAY v. JONES *et al.*

1. It is libelous, and therefore actionable, for a notary public falsely and maliciously to protest for non-payment the acceptance of a person engaged in manufactures, and then send the draft, together with such protest, "to the source from whence it came." That the protest shows on its face that no proper legal demand was made for payment, will not render the libel harmless to the credit and business of the acceptor, since to be published as one who has dishonored his commercial paper tends naturally to produce injury.

2. As a general rule, a bank is not responsible for a malicious protest made and published by a notary public rightly employed by it, such notarial act being that of a public officer; and it makes no difference that such notary is also an employee and agent of the bank.

3. In order to render the bank liable, it would at least have to be alleged that it shared maliciously in the production or publication of the libel. An allegation "that the action of the notary in the matter, he acting under the authority of the bank, is the action of said bank," is not sufficient to charge the bank as a joint tort-feasor with the notary.

4. A joint demurrer by two defendants to a declaration, for want of a cause of action, should be overruled if the declaration sets forth a cause of action as to either of the defendants.

December 7, 1891. By two Justices.

Libel. Protest of acceptance. Bank officers. Notary public. Pleadings and practice. Before Judge VAN EPPS. City court of Atlanta. March term, 1891.

Reported in the decision.

R. J. JORDAN, for plaintiff.

ROSSER & CARTER, for defendant.

LUMPKIN, Justice.

May brought his action of libel against Jones and the

Merchants Bank of Atlanta, for damages to his credit and standing as a business man, by reason of a certain draft being protested for non-payment by said Jones who was a notary public and also an employee and agent of the bank. The defendants joined in a demurrer to the declaration on the grounds that there was no cause of action set out as for a libel; that there was no cause of action set out as for a wrongful protest; and that the bank was not liable for the acts of Jones under the allegations in the declaration. The judgment on this demurrer recites that the plaintiff's attorney disclaimed in open court any claim for damages for a wrongful protest, but advised the court that the declaration was intended to be a claim for damages as for a libel only. Whereupon the court sustained the demurrer and dismissed the case, because the declaration contained no legal cause of action. This is the error complained of.

1. The declaration shows that the draft was accepted by the plaintiff payable at the Atlanta National Bank. In the course of business after several indorsements, it came to the Merchants Bank of Atlanta for collection. It was protested by Jones without due presentment for payment at the Atlanta National Bank. The plaintiff avers that he had no notice before the protest that the draft was at the Merchants Bank, and as soon as he learned this fact he went there and tendered the amount of the draft, that amount being $45.22, which was refused because it had been protested; that at the time of the protest he had several hundred dollars to his credit at the Atlanta National Bank, and the draft if presented would have been promptly paid by this bank; that the protest and draft were sent to the source from whence it came; and that the charges in the protest "are false, fraudulent and malicious, and were made in reference to the plaintiff's trade and calculated to injure him in his trade or business."

No doubt as against Jones a cause of action is sufficiently set out. The declaration distinctly alleges that the charges in the protest were false, fraudulent and malicious, and made in reference to the plaintiff's trade. Without a due presentment for payment at the place designated in the acceptance, there was no legal basis for the protest. The object of the protest being to bind the indorsers, due diligence required a presentment at the place where funds were probably lodged to meet the acceptance. 1 Daniel, Neg. Instr. §644 ; 2 Id. §§952, 955 ; Wood's Byles on Bills, *216 and notes. The protest being without proper foundation, false, malicious and calculated to injure a business man's credit, its promulgation and publication constitute a libel for which the plaintiff may maintain an action. Townshend on Slander & L. p. 2, note ; Newell on Defamation, p. 74 ; Odgers on Sl. & Lib. *13 ; 13 Am. & Eng. Enc. Law, 314. See Williams v. Smith, 22 Q. B. D. 134, 39 Alb. L. J. 247. It matters not that the protest carries on its face evidence of its own invalidity. Its validity would probably pass unquestioned even by those who saw the writing, on the presumption in favor of the official act. As to this presumption, see McAndrew v. Radway, 34 N. Y. 511. Moreover, the hurtful consequences to the acceptor's credit would not be confined to those parties immediately interested to inquire into the regularity of the protest. The news of the protest would be quickly spread to each indorser and become a matter of common knowledge in his business circle. It would run through the complex avenues of trade beyond pursuit and correction by the true character of the protest.

The case of Van Epps v. Jones, 50 Ga. 238, does not conflict with this ruling, but rather sustains it. That was an action in the nature of libel against a notary for a false protest, and this court held that the declaration was demurrable because it did not allege that the false

statement was made in reference to the plaintiff's pro-
fession as an attorney at law.    Here the declaration ex-
pressly charges that the statements were "made in refer-
ence to plaintiff's trade and calculated to injure him in
his trade or business."

2. But as against the Merchants Bank no cause of
action is set out.    The plaintiff's theory is that, as
Jones, the notary public, was also an employee and agent
of the bank, "the action of defendant Jones in the
matter, he acting under the authority of defendant bank,
is the action of said bank."    This is all the allegation
touching the bank's liability.    Although there is con-
flict in the cases, the prevailing and better holding
seems to be that a bank is not liable for the negligence
or misconduct of a notary employed by it to protest
negotiable paper.    The reason is that the notary is not
a mere agent or servant of the bank, but is a public
officer sworn to discharge his duties properly.    He is
under a higher control than that of a private principal.
He owes duties to the public which must be the supreme
law of his conduct.    Consequently when he acts in his
official capacity, the bank no longer has control over
him and cannot direct how his duties shall be done.    If
he is guilty of misfeasance in the performance of an
official act, the bank is not liable.    1 Morse on Banks
& Banking, §§102(d), 265; Bolles on Banks & Dep.
§465; 2 Am. & Eng. Enc. Law, 113; 16 *Id.* 763; Notes
to Allen *v.* Merchants Bank, 34 Am. Dec. 313 ; Hyde
*v.* Planters Bank, 17 La. 560, 36 Am. Dec. 621 ; Tier-
nen *v.* Commercial Bank, 7 How. (Miss.), 648, 40 Am.
Dec. 83; Agricultural Bank *v.* Commercial Bank, 7 Sm.
& M. 592; Britton *v.* Niccolls, 104 U. S. 757; Bank
*v.* Butler, 41 Ohio St. 519.    That the notary is also an
employee and agent of the bank does not alter the case.
There is still a sharp dividing line between his duties
as agent and his duties as a public officer.    When his

public service comes into play, his private service is for the time suspended. See Allen *v.* Merchants Bank, 22 Wend. 215, 34 Am. Dec. 289. In some cases, it seems, the bank would be liable for negligence in the selection of a notary, but no such question arises in this case.

3. There is no allegation that the bank participated in the libelous protest, except the one above quoted. Doubtless the bank could render itself liable by maliciously procuring a false protest to be made. But there is no allegation of this import, the supposed liability of the bank being rested entirely on the general authority given to the notary. According to the plaintiff's own interpretation, the action is not brought for a wrongful protest. It may be that the bank authorized the notary to act, but it cannot be inferred from this that it contemplated the perpetration of a libel. On the contrary, the bank would have a right to rely upon the faithfulness of the notary as a public officer. As it could not command him to do its bidding in his official action, it cannot be presumed that it directed him to violate the law. This is matter for distinct allegation in which the declaration utterly fails.

4. The case stands thus. The declaration, which is good as to one defendant and bad as to the other, is jointly demurred to by both. What ought to have been the judgment on this demurrer? The general rule is, a pleading which is demurred to as a whole, if good in part, will stand, and the demurrer be overruled. *McLaren* v. *Steapp*, 1 *Kelly*, 376; *Hazlehurst* v. *Savannah R. R.*, 43 *Ga.* 13; *Finney* v. *Cadwallader*, 55 *Ga.* 75; *East Rome Town Co.* v. *Nagle*, 58 *Ga.* 474; *Lowe* v. *Burke*, 79 *Ga.* 164. While this rule applies chiefly to the contents or subject-matter of the pleading, it extends also to parties who unite in a demurrer. Where joint defendants unite in a general demurrer to the declaration, if a cause of action is set out as to either, the

demurrer must be overruled. This applies to actions *ex contractu*. Woodbury *v.* Sackrider, 2 Abb. Pr. 402 ; Phillips *v.* Hagadon, 12 How. Pr. 17 ; Estep *v.* Burke, 19 Ind. 87 ; Shore *v.* Taylor, 46 Ind. 345 ; Wilkerson *v.* Rust, 57 Ind. 172 ; Webster *v.* Tibbits, 19 Wis. 461 ; Willard *v.* Reas, 26 Wis. 540 ; McGonigal *v.* Colter, 32 Wis. 614; Walker *v.* Popper, 2 Utah, 96. To complaint for land. People, etc. *v.* Mayor, etc., 28 Barb. 240, 17 How. Pr. 56. To an action in tort. Dunn *v.* Gibson, 9 Neb. 513. There is some authority for a different rule in equity, namely that the demurrer may be sustained as to one defendant and overruled as to another. Wooden *v.* Morris, 2 H. W. Green (N. J.), 65; Bartow *v.* Smith, Walk. Ch. (Mich.), 394 ; 1 Dan. Ch. Pr. 584; Story's Eq. Pl. §445. These authorities rest upon the opinion of Lord Eldon in Mayor, etc. *v.* Levy, 8 Ves. 403, which does not decide the point, as he held the demurrer good as to all the defendants. Lord Eldon's view is followed in a well written opinion in Wood *v.* Olney, 7 Nev. 109, which was an action on contract. Under the code system, the rule first stated is applied also to proceedings of an equitable nature. Eldridge *v.* Bell, 12 How. Pr. 547 ; Teter *v.* Hinders, 19 Ind. 93 ; Morback *v.* The State, 34 Ind. 308 ; Owen *v.* Cooper, 46 Ind. 524; Eichbredt *v.* Angermann, 80 Ind. 208 ; Sanders *v.* Farrell, 83 Ind. 28; Pomeroy on Rem. §577. But there is no authority for sustaining such a demurrer as a whole. The court, it seems, will not, without an application for that purpose, amend or split up a joint demurrer so as to make it the separate demurrer of each defendant, and then search the declaration in turn to find whether a cause of action is set out against each. But in order to prevail, the demurrer must be good as to all joining in it. The court need not of its own motion render two judgments upon it.

It follows that the court erred in sustaining the

demurrer to the entire declaration, the same setting out a cause of action as to one defendant. In reversing the judgment, it is directed that the court below sustain the demurrer and dismiss the case so far as the Merchants Bank of Atlanta is concerned, since against it no cause of action appears.        *Judgment reversed, with direction.*