87 N.J. Super. 287 (1965)
209 A.2d 155
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, PLAINTIFF,
v.
BERT THOMAS-AITKEN CONSTRUCTION COMPANY, ESTATE OF ROBERT AITKEN, JR., WILLIAM AITKEN, ELIZABETH THOMAS PEPE, ALFRED O'CHIETTI, RICHARD KUIPHOFF, JR., AND PROSPECT PK. NATIONAL BANK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 13, 1965.
*288 Mr. Theodore W. Geiser for plaintiff (Messrs. Pindar, McElroy, Connell & Foley, attorneys; Mrs. Sonia Napolitano on the brief).
Mr. Reginald F. Hopkinson for defendant Prospect Park National Bank (Messrs. Jeffer, Walter & Tierney, attorneys).
SCHNEIDER, J.C.C. (temporarily assigned).
Defendant Prospect Park National Bank moves for summary judgment on the amended pleadings. On April 2, 1962 plaintiff issued a construction bond for Bert Thomas Aitken Construction Company as principal. Earlier in 1961 a general indemnity agreement was purportedly executed by individual defendants named in this suit, which agreement imposed liability personally on each of said defendants jointly and severally for any default on construction bonds thereafter issued by plaintiff for the construction company. The general indemnity agreement purports to be acknowledged by the individual defendants, and the acknowledgment taken before defendant Richard Kuiphoff, a notary public. Kuiphoff admits the instrument bears his acknowledgment as notary public.
The construction company defaulted on a job and the bonding company paid and has a loss of over $75,000. The construction company and certain defendants have defaulted in this suit. Defendant William Aitken denies signing the indemnity agreement and claims his purported signature is a forgery. The amended complaint alleges liability against defendant Kuiphoff on the basis of the acknowledgment.
*289 Plaintiff sues the Prospect Park National Bank by reason of the actions of Kuiphoff, who is its assistant cashier, which position he has occupied for the past five years. Plaintiff contends that Kuiphoff was an agent of the bank in performing his duty in taking the acknowledgment. Both sides agree that the bank had no part, as a bank, in that transaction, and that Kuiphoff took the acnowledgments as an accommodation. Kuiphoff was commissioned a notary public by the State of New Jersey.
Defendant contends that Kuiphoff never accepted any fees that were turned over to the bank. It further contends that Kuiphoff was never requested or required by the bank to become a notary public. On deposition Kuiphoff contends he performed his duties as notary public individually and not in performance of his duties as assistant cashier. The bank made no rules nor gave any instructions to employees who were notaries.
Plaintiff contends that the depositions show that Kuiphoff has been an employee since 1941, and five years ago became assistant cashier and a stockholder. The construction company was a customer of the bank, and some of the individual defendants did business with the bank on behalf of the construction company. Kuiphoff admits he became a notary because it would be useful on the job and he could notarize for customers of the bank. He never charged for his services. He exercised his notarial duties about 30 times a year. There were other employees who were notaries. The bank either paid for his renewal fees or reimbursed him. He cannot recall whether he knew William Aitken, either presently or at time of the acknowledgement. He refused to answer whether one of the bank officers asked him to take this acknowledgement, and the court sustained his refusal to testify on matters that would incriminate him.
Defendant bank contends that it cannot be liable for either the negligence or misconduct of a notary public. A notary public is a public officer. In Geddis v. Westside National Bank of West Paterson, 106 N.J. Law 238 (E. & A. *290 1929), a notary public sued for his fees and the bank set up an agreement for waiver of fees by reason of his salary as a bank officer. The court held that as a public official it would be against public policy for the notary to agree to waive fees, and gave judgment against the bank. See also Kip v. Peoples Bank and Trust Company, 110 N.J.L. 178 (E. & A. 1933).
The bank could be liable where the notary public performs a duty for the bank, in connection with a bank function and for the bank's interest. In this case, it was not a bank function, but an act of a public official in his individual capacity, which incidentally was an accommodation to a bank's customer.
In Davey v. Jones, 42 N.J.L. 28 (Sup. Ct. 1880), it was held that the negligence of a notary may be imputed to a bank on the principal-agent or master-servant relationship. In that case the notary misaddressed notices after protest, resulting in failure of notice. The court held the bank liable, contending the employee was acting for the bank and not in his official capacity. The court held that a bank which assumes the duty of collecting agent is absolutely liable for the negligence or default of the notary.
In Simon v. Peoples Bank and Trust Co., 115 N.J.L. 521 (Sup. Ct. 1935), reversed on other grounds, 116 N.J.L. 390 (E. & A. 1936), it was held that collection banks were liable for the negligence of their notaries.
In Titus & Scudder v. Mechanics' National Bank, 35 N.J.L. 588 (E. & A. 1871), the bank was held liable for the acts of the notary in connection with failure to present certain checks. Again, it was a bank transaction. The court stated the neglect was not in the performance of the notary's duties as a public official but rather in his failure to present the checks. This was not a failure of the notary's duty as a public official whose services as an official could be used only where there was a failure to pay
Defendant quotes from Commonwealth to Use of Willow Highlands Co. v. United States Fidelity and Guaranty Co., 364 Pa. 534, 73 A.2d 422, 17 A.L.R.2d 973 (Sup. Ct. *291 1950). In that case the notary certified that the signers of a mortgage had appeared before him and acknowledged the mortgage when they had not and one was dead at the time. The mortgagee advanced money to a title company, and the notary was an employee of the title company and actually disbursed the funds. The court held that the act could not be imputed to the title company because the notary public was a public officer acting in his own behalf. A similar holding was made in May v. Jones, 88 Ga. 308, 14 S.E. 552, 15 L.R.A. 637 (Sup. Ct. 1891), where the statement was made that the notary was a public officer owing duties to the public, and the bank was not liable for his acts as notary public.
These cases in other jurisdictions deny liability of the bank as a matter of law. In our case we do not go this far. The facts show that this was not a bank matter. The mere fact that notaries were present for the convenience of the bank's customers does not detract from the official nature of the acts of the notary.
Plaintiff contends that the notary public was not performing an official duty in taking the acknowledgment on a contract of indemnity. We find no basis for this argument. The basic fact is that he was not performing an act for the bank, but as a notary public in the exercise of his official capacity. He may not be compelled to take the acknowledgment, but he has a right to do so.
Plaintiff further contends that agency is a question of fact for the jury. There appears little dispute on the facts. This was not a bank transaction, and even if another officer of the bank asked him to take the acknowledgment, it would make no difference.
The bank has no control in such event of the method of taking the acknowledgment. There can be no liability on the part of the bank under the facts in this case.
The motion will be granted. A proper judgment may be submitted after submission to counsel for the plaintiff.