No. 58.—Harrison McLaren, plaintiff in error, vs. John P. Steapp, defendant in error.

In all cases of account, where the remedy of the plaintiff would not be as *adequate* and *complete* in a court of law, as in a court of equity, either from the *defect of proof*, or other impediment, or for the purpose of avoiding a *multiplicity of suits*, the jurisdiction of the latter court attaches.

If it is necessary for the plaintiff to search the conscience of the defendant, in order to establish his account, he may go into a court of equity for the discovery, in the first instance, and the court will not only give him the discovery, but will (on a proper prayer for the purpose) proceed to decree to him the appropriate relief consequent upon that discovery.

Where there is a general demurrer to the whole bill filed for discovery and relief, and the plaintiff is entitled to an answer to any part of the bill, the demurrer will be overruled.

A court of equity will decree a defendant to account for money overpaid, in pursuance of a usurious contract.

This was a suit in equity, brought by the defendant in error against the plaintiff in error, returnable to the April Term, 1846, of the Superior Court of the county of Campbell, the object of which was to recover back usury alleged to have been paid by the complainant to the defendant in the bill. The bill alleged, that in the year 1838 the complainant borrowed from the defendant in the bill the sum of seventy-six dollars and twenty-five cents, or other amount not precisely known by the complainant; that the debt thus contracted was annually renewed, until, in the year 1843, at exorbitant usury, sometimes at 16 and at other times 20 per cent., the precise amounts of usury agreed on at each renewal not known to the complainant, and for which various notes were given at different times, and due at different periods; but that the whole amount of usury received by the defendant in the bill, amounted to one thousand dollars or other large sum. That in the year last aforesaid, the complainant in the bill fully paid off and discharged the whole of said usury, without and before any judgment. That the complainant did not know the amount due him as the excess of usury over and above the principal sum lent, and the legal interest thereon; and that he had no way or means of establishing the same by evidence, without resorting to the conscience of the defendant in the bill; and the bill concluded with a prayer for discovery, account and relief, &c.

To which bill a general demurrer was filed, denying the right of the complainant to any discovery or relief therein prayed, alleging that the complainant had an adequate remedy at law; that no action at law being pending, the complainant was not entitled to a discovery; and that, taking the charges in the bill to be true, there was no matter in the bill upon which any decree for the complainant could be founded.

The bill came on to be heard upon the demurrer at the said term before Judge Hill; whereupon, after argument had, the demurrer was overruled, and the defendant in the bill ordered to answer. To which the counsel for the defendant in the bill excepted.

For the error assigned, see the decision of the Supreme Court.

T. A. LATHAM, for the plaintiff in error.

WILLIAM EZZARD, for the defendant in error, relied on the following grounds :

1st The court of equity having obtained jurisdiction, for the purpose of discovery, will retain it for all purposes.

2d. If a bill for discovery and relief be good as to the discovery, a general demurrer to the whole bill is bad.—4 *John. Ch. Rep.* 294.

3d. The bill prays an account as to the usurious transactions, and account itself forms a separate ground of equity jurisdiction. And a bill of this sort is not confined to cases of mutual accounts, but may be maintained where there have been a series of demands on one side, and of payments on the other.— *Cooper's Eq. Pl.* 134.

*By the Court.*—WARNER, Judge.

This case comes before the court on a writ of error, from the county of Campbell, alleging error on the part of the court below, in not sustaining a general demurrer to a bill in equity, filed by the defendant in error, against the plaintiff in error, for discovrey and relief. The complainant in the bill seeks a discovery from the defendant in relation to various *usurious* transactions, which it is alleged took place between the parties, from the year 1838 up to the year 1843, whereby the defendant received from the complainant the sum of one thousand dollars, or other large sum, and also prays an account of the money so received by way of usurious interest by the defendant, and that he may be decreed to pay the same to the complainant. It is also charged, in the complainant's bill, that various notes were given by the complainant to the defendant, due at different times, and drawing different rates of interest ; that the whole of the usurious interest was paid without any judgment being obtained against him therefor ; that he does not know the excess of usury due him from the defendant, over and above the principal and lawful interest ; and that he has no way or means of establishing the same by evidence, without resorting to the conscience of the defendant. The defendant demurs to the complainant's bill generally, for want of equity, and that he had an adequate common-law remedy. There are several assignments of errors, but they may all be embraced, and disposed of together. The defendant insists, that as an action at law would lie, to recover back the usury from him, this court has no jurisdiction ; and if this court had jurisdiction, for the purpose of obtaining a discovery from the defendant, it can be obtained for the purpose only of aiding a suit in a court of common law. The argument for the plaintiff in error is, that the complainant below should have instituted his suit in the common-law court, to recover back the usury ; and then come into this court for the discovery, in aid of that suit. This is a bill for discovery and account. Account is one of the ancient heads of equity jurisdiction.—1 *Madd. Ch.* 23. Courts of equity, as well as courts of law, have *concurrent* jurisdiction in cases of accounts.— 1 *Madd. Ch.* 85 ; *Cooper's Eq.*, *under head of Jurisdiction*, 29 ; 1 *Story's Equity*, 423-4, sections 441, 442 ; *ib.* 438, sections 457, 458. We do not intend to be understood as establishing the rule, that a plaintiff may

go into equity to recover every demand which he may have founded on account, where he has a plain and *adequate* remedy at law ; but that a court of equity has concurrent jurisdiction, with courts of law, in matters of account, where there is *doubt* or *difficulty* as to his right to recover in a court of law.   In all cases of account, where the remedy of the plaintiff would not be as *adequate* and *complete* in a court of law, as in a court of equity, either from the *defect of proof,* or other impediment, or for the purpose of avoiding a *multiplicity of suits,* the jurisdiction of the latter court attaches.   Indeed, if it is necessary for the plaintiff to search the conscience of the defendant, in order to establish his account, he may come into a court of equity for the discovery in the first instance, and the court will not only give him the discovery, but will (on a proper prayer for that purpose) proceed to decree to him the appropriate relief consequent upon that discovery.   1 *Madd. Ch.* 85 ; *Cooper's Eq. under head of Jurisdiction,* 30, 31 ; 1 *Story's Eq.* 81-87, sections 64-71 ; *ib.* 437-8-9, sections 456, 457, 458 ; *Carlisle* vs. *Wilson,* 13 *Ves.* 276 ; *Post* vs. *Kimberley,* 9 *John. Rep.* 470 ; *Rathbone* vs. *Warren,* 10 *John. Rep.* 605 ; *King* vs. *Baldwin,* 17 *John. Rep.* 388 ; *Hawley* vs. *Cramer,* 4 *Cowen's Rep.* 727 ; *Russell* vs. *Clark's Ex'rs,* 7 *Cranch,* 69.

In this case, the complainant alleges, there have been, during several years, various renewals of notes, different usurious contracts made with the defendant, which necessarily renders the account sought, intricate and complicated, and that he cannot prove these *usurious* transactions without a discovery thereof by the defendant.   That the complainant is entitled to the discovery, there can be no doubt ; and the court having jurisdiction of the cause for that purpose, ought, both on principle and authority, to retain it, and decree the appropriate relief, consequent upon such discovery ; or, as was said by the court in *Russell* vs. *Clark's Ex'rs :* " If certain facts, essential to the merits of a claim purely legal, be exclusively within the knowledge of the party against whom the claim is asserted, he may be required, in a court of chancery, to disclose those facts ; and the court, being thus rightly in possession of the cause, will proceed to determine the whole matter in controversy."   Besides, the demurrer in this case went to the whole bill ; and the rule is, " where there is a general demurrer to the whole bill, filed for discovery and relief, and the plaintiff is entitled to an answer to any part of the bill, the demurrer will be overruled."—*Kimberley* vs. *Sells,* 3 *John. Ch. Rep.* 467.   In *Dey* vs. *Dunham,* (2 *John. Ch. Rep.* 191,) it is said : " There is no doubt that a court of chancery will order a defendant to account for money, overpaid, in pursuance of a *usurious* contract."   The reason why a court of chancery, in this State, should grant the relief, consequent upon a bill of discovery in cases like the present, is greatly strengthened by the consideration, that all equity causes are tried by a jury, under the direction and supervision of the chancellor, and which would be as competent to settle matters of account as a common-law jury.

We are therefore of the opinion there is no error in the record ; and that the judgment of the court below must be affirmed.