### HINKLE *v.* HINKLE.

GILBERT, J. The plaintiff and the defendant are husband and wife. The
husband executed deeds conveying certain property to his wife. The
mother of the husband executed deeds conveying other property to the
wife. Differences arose between the husband and wife, and in the

latter part of the year 1913 the wife left the home of the husband, since which time and until the filing of this suit the parties have lived in a state of separation. The parties differed in respect to the status and title to the property above mentioned, the husband contending that the wife, while holding the legal title, was not the true owner; that it was understood between the parties at the time of the execution of the deeds that she was not to exercise any acts of ownership; that the deeds were not in any sense to be considered as deeds of gift; that the deeds were never delivered; and that the husband actually exercised ownership in all the ways usual in regard to real estate. Negotiations looking to an adjustment were entered upon. The terms proposed by the wife being rejected by the husband, he was threatened by his brother with bodily harm if he did not agree to the proposal. The wife also threatened him with prosecution for assault and battery, and with a suit for divorce and for the custody of the children. The husband alleges, that, by reason of the foregoing facts, and because of the possible loss to his mother of all her property, he finally agreed, much against his will, to enter into, and did, together with his mother, enter into a contract with the wife, by which all differences were settled and under which the payment of a certain sum of money was made to the wife, and providing for the conveyance by the husband and mother of certain properties to the wife, and for the conveyance by the wife of certain personal properties to the husband and certain real estate to his mother, and that thereafter neither the husband nor the wife should have any claim against the property of the other. The husband thereafter filed suit against the wife, seeking to set aside this contract, alleging the facts above stated, and also that the wife had breached the contract by failing to carry out some of its provisions, and that the conduct of the wife in inducing him to put his property in her name was a fraud upon him. The prayers of the petition were, that all deeds executed by him conveying property to his wife be surrendered into court and canceled, and that title be decreed in petitioner; that the contract of settlement be abrogated and canceled; and for general relief and process. Demurrers general and special were interposed, and the court rendered a judgment sustaining the demurrers and dismissing the petition. The plaintiff excepted. *Held:*

1. A contract between husband and wife who are living in a state of separation, in settlement of disputed claims over property, is not without consideration and is binding on the parties. *Belt v. Lazenby,* 126 *Ga.* 767 (3), 772 (56 S. E. 81).

2. The facts alleged as to threatened court proceedings by the wife against the husband are not sufficient to invalidate the settlement contract; and the facts alleged in regard to the threat of bodily harm made by the brother of the plaintiff do not clearly and definitely connect the wife therewith, and therefore do not amount to such duress as will invalidate the contract.

3. The petition does not make it appear that if fraud entered into the making of the contract of settlement the husband was not as fully aware of it at that time as at any time subsequent thereto. In any

event the petition fails to·allege that the plaintiff, promptly upon discovery of the alleged fraud, restored or offered to restore to the other party whatever he received by virtue of the contract, without which the party defrauded is not entitled to rescind. Civil Code (1910), § 4305; *Bridges* v. *Barbree*, 127 *Ga.* 679 (4), 682 (56 S. E. 1025); *Ruff* v. *Copeland*, 137 *Ga.* 56 (72 S. E. 506); *Couch* v. *Crane*, 142 *Ga.* 22, 29 (82 S. E. 459).

4. Under the facts alleged, the plaintiff is not entitled to any of the relief sought; and the court did not err in sustaining the demurrers and in dismissing the petition. *Jackson* v. *Jackson*, 146 *Ga.* 675 (92 S. E. 65). We are requested to review and overrule the last-named case. On consideration of the same we are convinced that the decision is sound, and the request is denied.

*Judgment affirmed. All the Justices concur.*

No. 779. JULY 10, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. November 26, 1917.

*W. D. McNeil,* for plaintiff. *John R. L. Smith,* for defendant.