## BLAYLOCK *v.* HACKEL *et al.*

HINES, J.   1. The deed as written evidences a sale of the land therein conveyed as one by the tract and not by the acre, and conveys all the land within the boundaries therein given. *Georgia & Florida Development Co.* v. *Buck*, 134 *Ga.* 674 (68 S. E. 514); *Rawlings* v. *Cohen*, 143 *Ga.* 726 (85 S. E. 851); *May* v. *Sorrell*, 153 *Ga.* 47, 53 (111 S. E. 810). Unless such instrument is reformed, it can not be shown by parol that the sale was one by the acre and not by the tract.

2. The petition does not make a case for cancellation of the deed, as it fails to allege restoration or an offer to restore the consideration received by plaintiff before the institution of the suit, which is a condition precedent to the right to bring such suit. *Williams* v. *Fouché*, 157 *Ga.* 227 (121 S. F. 217).

3. "In all cases of a mistake of fact material to the contract, or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve." Civil Code (1910), § 4580. "If the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto." Civil Code (1910), § 4567. Where the owner of land within given boundaries agreed to sell the same for $75 per acre, and the purchaser agreed to pay for such land at that price per acre, and where an engineer was engaged to ascertain the number of acres, who calculated the acreage within the boundaries to be 10 acres, and where a deed was made in accordance with said calculation, and the consideration was figured on the basis of 10 acres, and said land was paid for by the purchaser on said basis, both parties believing that the tract sold contained said number of acres, and the deed from the seller to the buyer was executed by the former and accepted by the latter under the belief that the tract of land contained 10 acres, when in fact said land lying within said boundaries contained 23 acres, the mistake in the acreage being due to the error of the engineer in ascertaining the number of acres, in such circumstances said deed was executed under a mutual mistake of the parties, and a court of equity will relieve against such mistake by reforming the deed to make it conform to the real contract of the parties; and a court of equity will award the seller a ratable compensation for the excess of acreage over that represented by the incorrect calculation of the engineer. *Branch* v. *Cooper*, 82 *Ga.* 512 (9 S. E. 1130); *Kitchens* v. *Usry*, 121 *Ga.* 294 (48 S. E. 945); *Whittle* v. *Nottingham*, 164 *Ga.* 154 (138 S. E. 62).

Cancellation of Instruments, 9 C. J. p. 1207, n. 32; p. 1213, n. 71; p. 1240, n. 50; p. 1241, n. 57.

Deeds, 18 C. J. p. 287, n. 14; p. 289, n. 44, 48, 49.

Evidence, 22 C. J. p. 1125, n. 31, 33.

Pleading, 31 Cyc. p. 53, n. 93; p. 326, n. 45, 47; p. 329, n. 61; p. 331, n. 63.

Reformation of Instruments, 34 Cyc. p. 905, n. 9; p. 908, n. 38; p. 909, n. 42, 44; p. 915, n. 86; p. 936, n. 52, 54, 60; p. 938, n. 63; p. 966, n. 76; p. 971, n. 26; p. 974, n. 48, 49; p. 994, n. 87; p. 996, n. 93.

17

4. The petition sets out a good cause of action for reformation of the deed, and for recovery of ratable compensation for the excess of acreage over that for which the defendants actually paid.

5. A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer. *McLaren* v. *Steapp,* 1 *Ga.* 376; *May* v. *Jones,* 88 *Ga.* 308 (4), 312 (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154); *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67 (3), 78 (121 S. E. 105). Where the petition alleged facts applicable to an action for cancellation, and had an alternative prayer for cancellation, the fact that the allegations of the petition do not make a case for cancellation does not render the petition subject to a general demurrer, if the petition seeks reformation of a deed and sets out facts which entitle the plaintiff to such relief.

6. The 4th paragraph of the petition contained these allegations: "The negotiations and agreements leading up to the sale of said land were on an acreage basis, defendant agreeing to pay $75 per acre for said land." The defendants demurred specially to this paragraph, upon the ground that the allegations therein "are mere conclusions of the pleader, and allege no facts on which to base the same." *Held,* that this ground is without merit. In effect this paragraph alleges that the negotiations which led up to the contract of sale were based upon acreage, and that the defendant agreed to pay $75 per acre for the land sold. The gist of the paragraph is the agreement of the defendant to pay by the acre, and it is specifically alleged as a fact that he did so agree. The details of the negotiations leading up to the agreement are not essential.

7. The 5th paragraph of the petition alleges: "An engineer was engaged to survey said tract, who calculated the acreage to be 10 acres, and a deed was made in accordance with said calculation, and the consideration calculated on the basis of 10 acres, and was paid for by defendant on said basis, all parties believing and contracting on the basis that the tract of land contained 10 acres." To this paragraph the defendants specially demurred, upon the ground that the name of the engineer was not given, and on the further ground that it was not stated who employed said engineer, or when he was engaged. *Held,* that this ground is without merit. The necessity for giving the name of the engineer would be to inform the defendants who the engineer was that made this calculation; and knowledge of this fact by the defendants can be fairly inferred from the further allegation in this paragraph that the deed was made in accordance with the calculation made by the engineer, and was paid for by the defendants on said basis, both parties contracting on the basis that the tract of land contained the number of acres reported by the engineer. From these allegations it necessarily appears that the defendants knew who the engineer was. It was not necessary to allege who employed the engineer, or when he was employed.

8. Applying the above principles, the trial judge erred in sustaining the general and special grounds of demurrer, and in dismissing the petition.

*Judgment reversed. All the Justices concur.*

No. 5681.  MAY 4, 1927.

Equitable petition. Before Judge Custer. Dougherty superior court. September 30, 1926.

R. B. Blaylock filed his petition against Ada Hackel and Clifton Tyson, in which he made the following allegations: (1) Ada Hackel is a resident of Dougherty County. (2) Clifton Tyson is a resident of Chatham county. (3) On August 17, 1925, petitioner made a deed to Clifton Tyson at the instance and request of Ada Hackel, who paid the purchase-price for the land thereby conveyed, and received the deed therefor; and she now retains the deed and claims title to the property therein conveyed. Said deed purports to convey 10 acres of land, and gives the metes and bounds of said tract. (4) The negotiations and agreements leading up to the sale of said land were on an acreage basis, defendant agreeing to pay $75 per acre for said land. (5) An engineer was engaged to survey said tract, who calculated the acreage to be 10 acres, and a deed was made in accordance with said calculation, and the consideration calculated on the basis of ten acres was paid by defendant on said basis, all parties believing and contracting on the basis that the tract of land contained ten acres. (6) Said tract contains 23 acres, and the mistake in the acreage was due to an error in the calculation of said engineer. (7) Said deed was made through error due to mistake on the part of all parties, and as a matter of law is fraudulent to petitioner by reason of a great disparity in the acreage sought to be conveyed and the actual acreage of said tract. (8) Said deed is dated August 17, 1925, expresses a consideration of $750, and was recorded August 19, 1925. The material part of said deed reads as follows: "That portion of lot of land #162, lying and being in the first district of Dougherty county, Georgia, containing ten acres, more or less, the same being located at the three-mile post on the Albany and Sylvester public road, said tract being in the shape of a triangle, and being known as the triangular tract, bounded west by the road leading to Mrs. Mary C. Mock's house from the Sylvester road in said county, and on the east by the road leading to the place of Henry W. Johnson, and on the south by the lands of Mrs. Mary C. Mock." Petitioner prayed that the defendants be enjoined from changing the status of said property; that said deed be so reformed as to convey 10 acres; that in the event said deed can not be reformed, said trade be declared null and void and the deed

made by plaintiff be canceled upon refunding the money to defendants; that in the event said deed can not be so reformed as to convey 10 acres, it be so reformed as to provide for the payment of the number of acres obtained; that plaintiff have such other and further relief as to the court may seem meet and proper; and that process issue.

The defendants demurred to the petition, upon the grounds: (1) that it set forth no cause of action against them, or either of them; (2) that the allegations of paragraph 4 are mere conclusions of the pleader, and allege no facts on which to base them, and said paragraph is insufficient in law, because the negotiations and agreements are not named, and the same fails to state what negotiations were had and between whom they were had, and when and in what manner the same were had; (3) that paragraph 5 of the petition is insufficient in law in that the name of the engineer is not given, nor who engaged said engineer, nor when he was engaged; and (4) that said petition is insufficient in law in that no tender or offer of tender is alleged on behalf of plaintiff to defendants or either of them, nor is any reason or necessity alleged for the failure to tender or offer to tender the amounts received by plaintiff from defendants. The court sustained the demurrers, both general and special, and dismissed the petition. To this judgment the plaintiff excepted.

*Milner & Farkas,* for plaintiff.  *S. B. Lippitt,* for defendants.