20626. SWINT *v.* ADAMS.

DECIDED FEBRUARY 17, 1931.

*B. J. Stevens, J. B. & T. R. Burnside,* for plaintiff in error.
*Roy V. Harris, R. G. Price, J. Q. West,* contra.

BELL, J. The plaintiff Adams foreclosed a bill of sale to secure debt (Ga. L. 1921, p. 114) made by the defendant Swint to one Sheppard and transferred to the plaintiff. The defendant filed an affidavit of illegality, in which he sought to avoid the contract on

the ground of duress. After verdict for the plaintiff, the defendant moved for a new trial, which the court refused, and he excepted. It is complained that the verdict is contrary to the evidence and without evidence to support it; also that the court erred in allowing an amendment to the fi. fa. in the foreclosure proceeding; and that the charge to the jury was erroneous in certain particulars.

It appeared, without dispute, that at the time of the execution of the bill of sale the property described therein was in the possession of a levying officer, who had seized it under executions against the defendant, and that after the levy the defendant had taken bankruptcy. The bill of sale was executed in pursuance of a settlement of the executions and of the case in bankruptcy, and the property was thereupon released from the *levy and delivered to the defendant. The defendant now contends that he had executed the bill of sale under threats of a criminal prosecution. Assuming that the evidence was sufficient to show that the bill of sale was executed under duress, as alleged, the defendant still would not have been entitled to a verdict. By executing the bill of sale the defendant obtained possession of all the property described therein, and the same was unaccounted for at the trial. The alleged duress was necessarily removed at the time the defendant filed the affidavit attacking the bill of sale because of its perpetration, and, in order to claim a rescission upon such ground, it was incumbent upon the defendant to restore or offer to restore what he had received by virtue of the contract. By obtaining and using the property he elected to waive the duress and ratify the contract. Civil Code (1910), §§ 4112, 4305, 4306; *Bazemore* v. *Freeman,* 58 *Ga.* 276; *Finch* v. *Hill,* 146 *Ga.* 687 (2) (92 S. E. 63); *Legg* v. *Hood,* 154 *Ga.* 28 (2) (113 S. E. 642); *Sutton* v. *Coleman,* 27 *Ga. App.* 406 (108 S. E. 803); *Augusta Motor Sales Co.* v. *King,* 36 *Ga. App.* 541 (137 S. E. 102); 9 R. C. L. 725; 13 C. J. 625; 3 Black on Resc. & Canc. (2d ed.) 1445, § 593.

Moreover, the defendant testified that he executed the bill of sale because an attorney who was then representing him had advised him to do so, and it does not appear that any duress was exercised upon such attorney. In this view, there was a failure to establish the defense pleaded. See *Hinkle* v. *Hinkle,* 148 *Ga.* 250 (2) (96 S. E. 340).

In "backing" the fi. fa. issued upon the foreclosure of the bill

of sale, the clerk of the court "called said bill of sale a mortgage instead of a bill of sale." Obviously, there was no error in allowing an amendment to correct this inadvertence.

It appearing that the verdict in favor of the plaintiff was demanded by the law and the evidence, errors, if there were any, in the charge of the court were harmless and immaterial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*