WATERS *v.* BOOTH *et al.*

No. 8363.   November 12, 1931.

*Anderson & Jones,* for plaintiff.   *Hinton Booth,* for defendants.

RUSSELL, C. J.   It appears that the plaintiff brought an equitable petition against the Scottish American Mortgage Company Limited, in which she sought to enjoin that company from selling certain described land in Bulloch County under a power of sale contained in a deed to secure a debt, given by the plaintiff to the company. She asked that the contract under which the security deed was

given be rescinded, and prayed to recover from the mortgage company a sum of money alleged to have been paid as a portion of the purchase-price of the land. In the same petition the plaintiff joined Hinton Booth as a defendant, alleging that he was employed by her to give an opinion on the title to the land involved, and that his opinion was erroneous, in that whereas he represented the title to be good, the title to a part of the land had since proved to be bad. She alleged that she paid him a fee for his service with reference to the title, and she asked to recover the amount of money paid him for his services. There is apparently a misjoinder of parties and of causes of action. Booth demurred to the petition upon that ground. The Scottish American Mortgage Company Limited was not served. It filed no answer or demurrer. It was not represented by Booth as attorney. Upon the demurrer interposed by Booth in his own behalf, on the ground of multifariousness or misjoinder, the court dismissed the entire petition.

A petition should not be dismissed upon general demurrer, if in any portion thereof it sets forth a good cause of action, though other portions of the petition may properly be stricken. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel*, 164 *Ga.* 257 (138 S. E. 333), and cit.

The judge erred in dismissing the petition as to the Scottish American Mortgage Company Limited, upon his own motion. The defendant named had not filed any pleading invoking relief of any kind. Upon the demurrer of Booth the court correctly held that this defendant was improperly joined in the action brought against the Scottish American Mortgage Company Limited, and for that reason the court could properly have ordered that the allegations with reference to the defendant Booth be stricken from the action; but since, in sustaining the demurrer interposed by Booth, the petition was thus amended by the ruling of the court, there was left remaining a good cause of action against the Scottish American Mortgage Company Limited. Especially is this true where the mortgage company had not been served, nor was any attack made upon the petitioner's pleadings by that defendant either by demurrer or answer to the action. "When a petition is

filed against two defendants, a separate demurrer by one of them in his name and behalf only affords no cause for dismissing the petition as to the defendant who does not demur." *Byrom* v. *Gunn*, 111 *Ga.* 805 (2) (35 S. E. 649). "Where a petition is filed against several defendants, a separate demurrer by two of them, in their own names and behalf only, affords no cause for dismissing the petition as to the other defendants who did not demur." *Beasley* v. *Anderson*, 167 *Ga.* 470 (146 S. E. 22).

*Judgment reversed. All the Justices concur.*