WOODRUFF *v.* COOPER.

No. 10606. MARCH 13, 1935.

*William Woodruff* and *Robert B. Blackburn,* for plaintiff.
*Will G. & J. L. Moore,* for defendant.

GILBERT, Justice. Petitioner alleges that on July 31, 1933, she entered into a contract with the defendant, whereby she purchased the good will and certain household furnishings located in a building in which the defendant was conducting a boarding-house, executing to the defendant deeds to two certain tracts of land and a note for a stated sum; that the defendant represented to her that the boarding-house was a going concern clearing from two to three hundred dollars per month, that the lady boarders were of the best character, that the house was free from drinking parties, etc.; that after entering into the contract she discovered that all of the representations were false and made with an intent to defraud her of

her property; that she was forced to ask all women of bad character to leave the house, and that since doing so the income has dropped to such a point that the house is worthless as a boarding-house, and she can not obtain any other boarders; that she has tendered back to defendant all that she received under the written agreement, and asked her to restore her two parcels of land conveyed under the contract, a copy of "said offer" being attached to the petition, dated October 1, 1933, and reading: "You are hereby notified that it is my desire to call off the deal. . . I have found that the place is not as it was represented by yourself to be. . . I offer to return to you all rights and title to said place, and offer you possession of the place, upon return to me of the deeds to the places in Winder and Auburn, and of the note which I gave to you. If you care to call the deal off, it will be necessary for you to execute to me warranty deeds," etc. She alleged that she was without adequate remedy at law; and she prayed for rescission, that the notes, deeds, and contract be declared void and be surrendered for cancellation, etc. The defendant filed a demurrer on the grounds that the petition set forth no cause of action, and that it set forth no grounds entitling petitioner to equitable relief against the defendant. The court sustained the demurrer, and the petitioner excepted. *Held:*

"It is a well-settled rule that, while a contract may be rescinded at the instance of the party defrauded, the party seeking rescission must act promptly upon discovering the fraud and must restore or offer to restore to the other party whatever he has received by virtue of the contract if it be of any value." Code of 1933, § 20-906; *Couch* v. *Crane,* 142 *Ga.* 22 (82 S. E. 459) ; *Hinkle* v. *Hinkle,* 148 *Ga.* 250 (3) (96 S. E. 340) ; *Equitable Building & Loan Asso.* v. *Brady,* 171 *Ga.* 576, 584 (156 S. E. 222). Construing the petition most strongly against the petitioner, it is not made to appear that she unconditionally offered to rescind the contract or offered to restore the defendant to her original status. Nor did she unconditionally demand a rescission of the contract. She merely notified the defendant that it was her "desire" to do so, and that "if you care to call the deal off," etc. Even if she acted with sufficient promptness, the other essentials of rescission are lacking. The court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*