## GREENE *v.* KELLY.

No. 14009.   March 11, 1942.   Adhered to on rehearing, March 30, 1942.

*William T. Revell,* for plaintiff.
*M. C. Barwick* and *M. Cook Barwick,* for defendant.

JENKINS, Justice. 1. An equitable petition is not subject to dismissal on general demurrer, if it states a cause of action as to any equitable or legal relief prayed. *Grant* v. *Hart,* 192 *Ga.* 152 (14 S. E. 2d, 860), and cit.; *Lyles* v. *Watson,* 189 *Ga.* 768 (7 S. E. 2d, 909).

(*a*) Where, on a renewed general demurrer, the judge dismissed the petition as amended, without passing on the propriety of allowing the amendment as setting up a new cause of action, that question, though raised by special demurrer, can not be considered on exceptions taken to the dismissal of the petition on general demurrer. See, in this connection, *Laslie* v. *Gragg Lumber Co.,* 184 *Ga.* 794, 803 (193 S. E. 763), and cit.; *Aycock* v. *Williams,* 185 *Ga.* 585, 588 (196 S. E. 54), and cit.; *Tingle* v. *Maddox,* 186 *Ga.* 757 (198 S. E. 722).

(*b*) Nor does any question arise as to whether the petition stated a cause of action for a restraining order and injunction against the defendant's enforcement of dispossessory-warrant proceedings against the plaintiff, on the ground that the plaintiff because of poverty could not defend at law by giving the statutory bond (see *Napier* v. *Varner,* 149 *Ga.* 585 (2), 101 S. E. 519; *Hull* v. *Holmes,* 42 *Ga.* 180), since, as conceded in the brief for the plaintiff in error, the injunctive relief claimed by the plaintiff has been refused; and no exceptions being taken, such refusal is "now final." The question as to any such equity in the petition is therefore moot.

2. The judge did not err in holding that there was no equity in the petition by an alleged vendee of land against the vendor, in so far as it sought to cancel the deed made by the defendant to himself after his foreclosure sale, since the petition fails to set forth sufficient definite terms of the alleged agreement whereby the foreclosure proceeding would be postponed, and for the further reason that the petition fails to show that the plaintiff on his part complied with the terms of the agreement so far as they were alleged. Nor does the petition set forth with any fullness or definiteness the terms of any alleged new contract of purchase and sale after the foreclosure, or any compliance, or tender in lieu thereof, as to the payment of any moneys then due under the alleged new agreement, such as would authorize a court of equity to recognize and enforce a valid new agreement.

3. While the petition was defective, as set forth in the preced-

ing paragraph, it does allege that under some sort of agreement of repurchase, the defendant after the foreclosure sale accepted from the plaintiff the sum of $250, which he still retains. Since, as alleged, the defendant refuses to recognize the validity of the agreement under which the payment was made, he should be required to refund the amount received and held thereunder, less any proper amount that might be adjudged against the plaintiff as rental.

4. There is no merit in the contention of the defendant, under his general demurrer to the amended petition, that the amendment showed no right to a recovery of any part of the $250 paid by the plaintiff, for the reason that he expressly incorporated into his *amendment* to the petition *his response* to the defendant's answer, and that this *response* admitted his liability for $250 rental. On examination of these pleadings, it appears that the *plaintiff* in his *response* does not admit any rent liability, unless it be for a stated proportionate part of $125.

*Judgment reversed. All the Justices concur.*