30263.   GREENE *v.* KELLY *et al.*

DECIDED MARCH 23, 1944.

*William T. Revell,* for plaintiff.

*M. C. Barwick,* for defendants.

FELTON, J.   This action was first dismissed on general demurrer.   The Supreme Court after an exhaustive study and analysis of the questions held that there was one issue for determination. That court said: "While the petition was defective, as set forth in the preceding paragraph, it does allege that under some sort of agreement of repurchase, the defendant after the foreclosure sale accepted from the plaintiff the sum of $250, which he still retains. Since, as alleged, the defendant refuses to recognize the validity of the agreement under which the payment was made, he should be required to refund the amount received and held thereunder, less any proper amount that might be adjudged against the plaintiff as rental." *Greene* v. *Kelly,* 193 *Ga.* 675, 679 (19 S. E. 2d, 718). The allegations of the petition are reported in that case.   E. E. Parker, a resident of Fulton County, having been made a party defendant, filed an answer, alleging in substance that he had settled with T. B. Kelly for all the contracts and negotiations had between them by giving to Kelly the quitclaim deed which was set out in Kelly's answer; that the $250 paid by the plaintiff was paid on the contract made by the defendant Parker; that the rent of the land during the time that A. F. Greene occupied the place more than offsets the $250 paid by him; and that all negotiations with reference to this land had been settled between him and Kelly. Kelly answered, denying material allegations of the petition, and alleged that after the sale under power of attorney, he was approached by Parker who proposed to repurchase the land by paying accrued taxes, the interest on the purchase-price of $4000, and $1000 on the principal, less $500 paid on the former contract, and divide the remaining amount into ten installments payable an-

nually at 6 per cent. interest, and by paying the expenses of the foreclosure sale; that Parker did not have the cash with which to comply at once with his proposition so he paid an amount down on the trade, the papers to be executed and the sale completed, on the payment of the remaining amount; that Parker notified him later that he would not go on with the purchase, and delivered the land back to the defendant with the agreement that he should keep payments already made in lieu of any claim for a deficiency on the sale under power. Under the view we take of the case it is not necessary to relate the other issues raised by Kelly's answer. A nonsuit was granted as to Parker, to which Greene excepted pendente lite. The jury returned a verdict for the defendant Kelly. The exceptions here are to the overruling of Greene's motion for a new trial, and to the granting of a nonsuit as to Parker.

E. E. Parker was made a party to the case after the Supreme Court made its ruling. It was Greene's contention on the trial in the lower court, and is now, that Parker is liable to Kelly for part of the rent; and Greene's evident purpose in making Parker a party was to bind him by the finding of the court on that question. Greene is bound by the court's action in making Parker a party, because the action was taken on his request. Parker did not except to being made a party, so he is bound by the action by acquiescence. The question as to Parker's liability for part of the rent was therefore a question which involved the rights of the plaintiff and the two defendants, and affected the question involved principally in the case, how much, if any thing, Kelly owed Greene, less whatever Greene owed Kelly, which last matter depended on whether Greene was liable for all the rent, or whether Parker owed some of it. As stated, a nonsuit was granted as to Parker, and Greene excepted to the order of nonsuit by exceptions pendente lite, and assigned error on those exceptions in his bill of exceptions. He not only did that but he sought to serve Parker with a copy of the bill of exceptions. In view of these facts it seems clear that Parker is a necessary party defendant in error, interested in affirming the judgment of nonsuit in his favor, and the judgment in favor of Kelly on the trial of the case. There being no evidence of service of the bill of exceptions on Parker as a named defendant in error other than the mere certificate of counsel for the plaintiff in error that he had served a copy of the bill of exceptions on counsel of record for Parker, the writ of error must be dismissed.

The former judgment of reversal rendered in this case is hereby vacated on rehearing, and the writ of error is dismissed.

*Writ of error dismissed. Sutton, P. J., and Parker, J., concur.*