19090.   WOOD *v.* McGAHEE.

Submitted September 14, 1955—Decided October 13, 1955.

914

*Stevens & Stevens*, for plaintiff in error.

*T. Reuben Burnside*, contra.

MOBLEY, Justice. "Whenever one person, by contract or by law, is liable and bound to pay to another an amount of money, certain or uncertain, the relation of debtor and creditor exists between them." Code § 28-101. And "Every conveyance of real or personal estate, by writing or otherwise, and every bond, · suit, judgment and execution, or contract of any description, had

or made with intention to delay or defraud creditors, and such intention known to the party taking," shall be fraudulent in law against creditors and others. Code § 28-201 (2).

Under the above Code sections, a wife may bring an equitable proceeding to cancel and set aside a conveyance of property made by her husband with intent to defeat the recovery by her of alimony, and such a proceeding will lie against a grantee of the husband, who took with knowledge of such intention or with reasonable grounds to suspect such intent. *Wood* v. *Wood*, 166 *Ga.* 519 (143 S. E. 770); *Stephens* v. *Stephens*, 168 *Ga.* 630 (148 S. E. 522); *Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537, 559 (34 S. E. 2d 811).

Applying the above principles, the allegations in the present petition—to the effect that the conveyance, which was made a few days after the decree for alimony was obtained, stripped the husband of all his property and left him insolvent, and that the husband made the conveyance with intent to defraud the wife in collecting the payments for the three minor children, which intent was known to the grantee or that the grantee had reasonable grounds to suspect it—were sufficient to set forth a cause of action for cancellation; and the trial court did not err in overruling the general grounds of demurrer. In so far as there was any merit in the grounds of special demurrer, they were met by amendment.

A different result is not required by Code (Ann.) § 30-112, relating to the filing of lis pendens notice, for the reason that, taking the allegations of the petition to be true—as must be done on general demurrer—the defendant was not an innocent purchaser.

*Judgment affirmed. All the Justices concur.*