20258.   COLEMAN *v.* McADAMS *et al.*

ARGUED NOVEMBER 10, 1958—DECIDED
JANUARY 12, 1959.

*James I. Parker,* for plaintiff in error.
*Dan Winn,* contra.

ALMAND, Justice.   The judgment under review is one sustaining the general demurrers to an equitable petition praying for the cancellation of a deed executed by the plaintiff and his wife to the defendants, on the ground that his signature to the deed was procured through the fraudulent acts of the defendants and his wife.

The pertinent allegations in the petition were: the plaintiff and his wife on November 21, 1955, possessed two real-estate lots in Cedartown by virtue of a contract of sale from C. B. Burke, Sr., under which they owed a balance of approximately $300; that on said date, while he was confined in a hospital, the defendants, together with his wife, acting in concert and conspiracy, fraudulently procured the plaintiff's signature to a

warranty deed conveying these two lots to J. B. and Mrs. Pearl McAdams, the defendants; that, after securing this deed, the defendants paid to Burke "the money owing to him under the contract above described and secured a deed from C. B. Burke, Sr., conveying said described property to the plaintiff and Mrs. Ione Coleman;" that the defendants paid to his wife $1,300 in return for his wife signing the deed and assisting them in obtaining the plaintiff's signature. The prayers were that the deed from the plaintiff and his wife be rescinded and canceled, and that the plaintiff be restored his one-half undivided interest in the property.

Assuming that petitioner through error alleged that Burke conveyed the property to the plaintiff and his wife, after the defendants paid the purchase money, and intended to allege that the deed was made to the defendants, the petition was subject to general demurrer for two reasons. First, the petitioner's wife was one of the grantors to the warranty deed sought to be canceled, and she is not a party to the suit. As one of the grantors to the warranty deed which the plaintiff seeks to cancel, she is an indispensable party, and this deficiency rendered the petition subject to general demurrer. *Sowell* v. *Sowell,* 212 *Ga.* 351 (92 S. E. 2d 524). Second, it appears that the defendants paid to Burke approximately $300, which the plaintiff owed, and such sum enured to the benefit of the plaintiff; and it is not alleged that the plaintiff has restored or offered to restore to the defendants such sum paid out for his benefit. "A contract will not be set aside on the ground of fraud in its procurement, at the instance of one who has neither restored nor offered to restore the fruits thereof." *Petty* v. *Brunswick & Western R. Co.,* 109 *Ga.* 666 (5) (35 S. E. 82). See Code § 20-906; *Woodruff* v. *Cooper,* 180 *Ga.* 476 (179 S. E. 104).

The petition being subject to general demurrer for the foregoing reasons, it is unnecessary to determine whether the allegations of the petition were sufficient to charge the defendants with fraud in procuring the plaintiff's signature to the deed.

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*