ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20367.   LEE *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20368.   TURNER *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

20369.   ROZIER *v.* HAYES, Solicitor-General.

WYATT, Presiding Justice.   This case is controlled by the ruling in *Carter* v. *Hayes,* ante, and for the reasons stated therein, the judgment in the instant case is likewise
*Reversed.   All the Justices concur.*

*R. E. Lawson,* for plaintiff in error.
*Dewey Hayes, Solicitor-General,* contra.

### 20371. HEIDELBERG *v.* SMITH.

HEAD, Justice. 1. A deed executed by a husband living separate and apart from his wife, with the intent and purpose of defeating the wife's right to alimony, is invalid as to the wife, if the grantee knew, or had reasonable grounds to suspect, the intent of the husband in conveying the property. *Wood* v. *Wood,* 166 *Ga.* 519 (143 S. E. 770); *Stephens* v. *Stephens,* 168 *Ga.* 630 (148 S. E. 522); *McCallie* v. *McCallie,* 192 *Ga.* 699, 700 (16 S. E. 2d 562); *Von Kamp* v. *Gary,* 204 *Ga.* 875 (52 S. E. 2d 591); *Wood* v. *McGahee,* 211 *Ga.* 913, 915 (89 S. E. 2d 634). In the present case, it is not alleged that the defendant had actual notice of, or reasonable grounds to suspect, fraudulent intent on the part of the husband. The petition therefore failed to allege a cause of action based upon fraud.

2. It is the rule in this State that cancellation of a deed may be granted only where both the grantor and the grantee are made parties in the action for cancellation. *Sowell* v. *Sowell,* 212 *Ga.* 351 (92 S. E. 2d 524); *Kenner* v. *Kenner,* 214 *Ga.* 381 (104 S. E. 2d 896). The petition being fatally defective for failure to make the husband a party defendant, allegations as to the filing of a notice of lis pendens (under Code § 30-112, as amended by Ga. L. 1950, pp. 365, 366) are insufficient to invoke any ruling by this court in the present case.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*Edwards, Bentley, Awtrey & Bartlett, Bentley, Awtrey & Bartlett,* for plaintiff in error.
*McFarland & Cooper,* contra.