### 21523. GRAY v. GEORGIA DEVELOPMENT ENTERPRISES, INC.

CANDLER, Justice. All persons directly or consequentially interested in the result of litigation should be made parties, either plaintiff or defendant, to proceedings for equitable relief. *Code* § 37-1004; *Flinn v. Flynn,* 210 Ga. 280 (79 SE2d 534). The exception here is to a judgment overruling a general demurrer to a petition which seeks to cancel a recorded deed conveying certain lands in Taylor County, on the ground that the grantors had no interest in the lands conveyed thereby when the deed was executed. It appears from the record that the grantors in the deed which the petitioner seeks to cancel are not parties to the cause but are interested in the result of this action and, since they are indispensable parties to such an equitable action, it necessarily follows that the pe-

tition fails to state a cause of action for the relief sought, and the court therefore erred in overruling a general demurrer interposed thereto. As authority for this ruling, see *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524), a full-bench decision, where it was held that the failure to name an indispensable party, such as the grantor in the deed which the petition seeks to cancel, is not a mere defect, but such failure leaves the petitioner without a cause of action and the court without jurisdiction.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 9, 1962—DECIDED JANUARY 22, 1962.

H. *Thad Crawley,* for plaintiff in error.
*Milton Harrison, Parker & Parker,* contra.