22293.   HEARN v. MADDOX et al., Commissioners.

HEAD, Presiding Justice.   H. B. Hearn, a citizen, taxpayer, and resident of Putnam County, brought a petition against Jeff A. Maddox, Charles M. Hudson, and W. F. Resseau, individually and as Commissioners of Roads and Revenues of Putnam County.   It was alleged that:   The defendants entered into a contract with Dr. Charles G. Jordan to purchase certain hospital property.   Pursuant to the terms of the contract, Dr. Jordan executed a warranty deed to Putnam County, and the defendants on behalf of the county executed a deed to secure debt to Dr. Jordan.   On the same date the deeds were executed the defendants borrowed a sum of money from the Peoples Bank of Eatonton to pay on the contract with Dr. Jordan.   It is asserted that the defendants created an unauthorized and illegal contract and debt in violation of stated provisions of the Constitution. The petitioners prayed that "the defendants . . . be temporarily and permanently restrained from carrying out the terms of said contract and deed to secure debt, that they be restrained from issuing county warrants, from borrowing or pledging the credit of the county for payment of the same," and that "the acts and deeds of said defendants as herein set out be declared null and void and in violation of law."   The exception is to the sustaining of the general demurrers of the defendants.   *Held:*

In order for the petitioner to obtain the relief prayed it would be necessary to cancel the contract and warranty deed executed by Dr. Charles G. Jordan, and the deed to secure debt executed by the defendants to him.   Dr. Jordan is a necessary and indispensable party to any action to nullify his contract and the deeds in which he was grantor and grantee, respectively.   *Taylor v. Colley,* 138 Ga. 41 (1) (74 SE 694); *Hermann v. Mobley,* 172 Ga. 380 (6) (158 SE 38); *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524); *Gray v. Georgia Development Enterprises, Inc.,* 217 Ga. 564 (123 SE2d 753).

638

Since the petition was subject to general demurrer because of the omission of an indispensable party, it is unnecessary to determine whether it was otherwise sufficient to state a cause of action.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1964—DECIDED FEBRUARY 6, 1964.

*W. George Thomas*, for plaintiff in error.
*J. Clayton Hargrove, D. D. Veal*, contra.