23714. ASSURANCE COMPANY OF AMERICA v. SOUTHEASTERN BRICK COMPANY, INC.

SUBMITTED SEPTEMBER 14, 1966—DECIDED OCTOBER 20, 1966.

*Kopp & Peavy, J. Edwin Peavy,* for appellant.

*Schreiber & Rozier, Joe Schreiber,* for appellee.

Cook, Justice. The appeal in this case by Assurance Company of America is from a judgment overruling its general demurrer to the petition of Southeastern Brick Company, Inc. The petitioner, as a judgment creditor with a special lien against described property, brought an equitable action against Cecil L. Lightsey and Ellease Warnock Lightsey, the owners of the equity of redemption in the property; Assurance Company of America, a nonresident insurance company which has an assignment of a deed to secure debt; Harry Buckins, who has a second recorded deed to secure debt on the property; and a company and a partnership with recorded executions on the property.

The allegations of the petition necessary to an understanding of the present decision are as follows: John W. Morris and James L. Young executed a warranty deed to Cecil L. Lightsey and Ellease Warnock Lightsey on January 28, 1963, subject to a deed to secure debt dated February 7, 1958, executed by John W. Morris to the Veterans Administration. On May 26, 1963, a fire occurred on the property, destroying the dwelling located thereon. Assurance Company of America had issued a policy of fire insurance on the property, with an endorsement in favor of the Veterans Administration, and on October 28, 1963, Assurance Company of America paid $8,910.97 to the Veterans Administration in full payment of all claims for loss or damage by reason of the fire. On November 1, 1963, the Veterans Administration made an assignment without recourse to Assurance Company of America, of the deed to secure debt dated February 7, 1958, executed by John W. Morris to the Veterans Administration. The debt secured by this instrument has been fully paid, including principal and interest, and the deed to secure debt should be canceled of record. The petitioner is a creditor by reason of an execution issued pursuant to a judgment obtained by the petitioner on May 11, 1964, in the amount of $2,032.68, against Cecil L. Lightsey and Ellease Warnock Lightsey. Cecil L. Lightsey and Ellease Warnock Lightsey are insolvent. The petitioner is unable to enforce the collection of its obligation because of the outstanding deed to secure debt which has been transferred by assignment to Assurance Company of America, and other described liens of record in Ware County.

The prayers for relief against the appellant were: for injunction to restrain the transfer, sale, foreclosure, or assignment of its lien; the delivery into court for cancellation of the deed to secure debt from John W. Morris to the Veterans Administration, the notes secured thereby, and the assignment thereof; the sale of the property to satisfy the claim of the petitioner by reason of its execution; a decree of court requiring the insurance company to deliver up the original deed to secure debt and the assignment, and a judgment canceling the deed as a cloud upon the petitioner's right to enforce its claim; and for further relief.

Whether or not the petition otherwise stated a cause of action, it is fatally deficient for failure to make essential and indispensable parties. The petitioner seeks the cancellation of the deed to secure debt which was a lien on the property prior to its purchase by the debtors of the petitioner. He does not make the grantor in the deed a party, or the grantee, the grantee being the transferor in the assignment to the defendant Assurance Company of America. A court of equity can not decree cancellation of deeds, or assignments thereof, unless the parties to the instruments, or their representatives, are made parties to the action. *Linder v. Ponder,* 209 Ga. 746, 747 (75 SE2d 814); *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524); *Coleman v. McAdams,* 214 Ga. 616 (106 SE2d 840); *Heidelberg v. Smith,* 214 Ga. 785 (2) (107 SE2d 844); *North American Acceptance Corp. v. Ramey,* 217 Ga. 476 (123 SE2d 253); *Gray v. Georgia Development Enterprises, Inc.,* 217 Ga. 564 (123 SE2d 753); *Pearson v. Walker,* 218 Ga. 469 (128 SE2d 328); *Wingo v. Manufacturer's Nat. Bank of Newnan,* 219 Ga. 302 (133 SE2d 15); *Poole v. Poole,* 220 Ga. 3, 5 (136 SE2d 745).

In *Sweat v. Arline,* 186 Ga. 460 (197 SE 893), relied on by the appellee in the present case, it was held that a petition for cancellation of a security deed, and other relief, stated a cause of action, and in that case not all of the parties to the deed and and transfer thereof were made parties to the case. No ruling was made on the question of necessary and indispensable parties. In *Sowell v. Sowell,* 212 Ga. 351, supra, this court made an exhaustive study of the question of whether the failure to name indispensable parties makes a petition subject to general de-

murrer, and in the *Sowell* case reference was made to cases older than the *Sweat* case which held that a court of equity is without jurisdiction to decree the cancellation of a deed where the parties to the deed are not made parties to the case, or otherwise represented. See *Kehr v. Floyd & Co.*, 132 Ga. 626 (64 SE 673).

The petition in the present case lacked necessary and indispensable parties, and the trial judge erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*