### 23745.   JACKSON et al. v. WATTS.

Cook, Justice.   The petition of A. B. Watts against Charles
G. Jackson and Mrs. Hattie Price Jackson sought the can-
cellation of a security deed executed by Richard D. Clark
to the defendants, the enjoining of a foreclosure sale under
this deed, a judgment declaring the fee simple title of de-
scribed property to be in the petitioner, and other relief.
The petitioner alleged that he bought the described property
at a foreclosure sale pursuant to the terms of a security deed
from Richard Clark to Mrs. J. C. Reeves.   It is his conten-
tion that the security deed from Richard Clark to the de-
fendants, although recorded prior to the security deed from
Richard Clark to Mrs. Reeves, was in fact a second security
deed, as shown on the face of the deed, but that the deed
inadvertently recited that the first security deed was executed
to the Liberty National Bank of Cedartown, Georgia, instead
of to Mrs. Reeves.   It is alleged that this deed constitutes
a cloud upon the petitioner's title.   *Held:*

A court of equity can not decree the cancellation of a deed
unless the parties to the deed, or their representatives, are
made parties to the action.   *Sowell v. Sowell,* 212 Ga. 351
(92 SE2d 524); *Coleman v. McAdams,* 214 Ga. 616 (106
SE2d 840); *Heidelberg v. Smith,* 214 Ga. 785 (2) (107 SE2d
844); *North American Acceptance Corp. v. Ramey,* 217 Ga.
476 (123 SE2d 253); *Gray v. Georgia Development Enter-
prises, Inc.,* 217 Ga. 564 (123 SE2d 753).   The petition failed
to make the grantor in the security deed sought to be can-
celed a party to the action, and it was subject to general
demurrer.   The trial judge erred in overruling the ground of
general demurrer asserting that the petition failed to state
a cause of action, and in granting an interlocutory injunction.
*Judgment reversed.   All the Justices concur, except Duckworth,
C. J., who dissents.*

Argued October 11, 1966—Decided January 5, 1967—
Rehearing denied January 23 and February 9, 1967.

*Richard L. Powell,* for appellants.
*Mundy & Gammage, William W. Mundy,* for appellee.
Duckworth, Chief Justice, dissenting.   I am in full agree-

ment with the majority ruling that both parties to the deed sought to be canceled are indispensable parties defendant, and the failure to make the grantor thereof a party was fatal to the relief of cancellation. But I strongly disagree with their ruling that this defect subjected the entire petition, which elsewhere showed an undated deed recorded before the date of another deed under which petitioner claimed, the former containing a statement that it was second to another deed, and which petition prayed for injunction, declaratory relief and decree of title, to dismissal on demurrer. They base their ruling on *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524), which sustains them. But that decision is demonstrably erroneous. There, in addition to the fatally defective portion seeking cancellation, other portions sought to enjoin sales, encumbrances or disposal of the land described in the deed because the petitioner held a judgment against the grantor in the deed that was recorded before the deed was executed, and hence, superior thereto; and it was also prayed that the court decree the judgment to have priority over the deed, and these were good against the demurrer and ought not to have suffered the just fate of the cancellation portion. The opinion discussed only the law showing that the failure to name as defendant the grantor in the deed was a fatal defect to that portion without mentioning the other portions.

From the time of its creation this court has ruled consistently that, despite defective parts of a pleadings, if other portions allege a cause of action for any relief the petition can not be dismissed on general demurrer. This principle is well stated in *Blaylock v. Hackel*, 164 Ga. 257 (5) (138 SE 333), as follows: "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer. *McLaren v. Steapp*, 1 Ga. 376; *May v. Jones*, 88 Ga. 308 (4), 312 (14 SE 552, 15 LRA 637, 30 ASR 154); *Dyson v. Washington Telephone Co.*, 157 Ga. 67 (3), 78 (121 SE 105)." To the same effect see *Poole v. Arnold*, 187 Ga. 734, 742 (1) (2 SE2d 83), where it is said,

"A general demurrer to a petition goes to the whole pleading to which it is addressed, and should be overruled if the petition states a cause of action for *any part* of the relief sought." (Emphasis supplied.) Also see *Lyles v. Watson,* 189 Ga. 768 (7 SE2d 909); *Grant v. Hart,* 192 Ga. 153 (14 SE2d 860); *Greene v. Kelly,* 193 Ga. 675 (19 SE2d 718).

There is no room for argument against the statement that in cases of conflict in the decisions of this court, the older must control. This means that the *Sowell* case, 212 Ga. 351, supra, being in irreconcilable conflict with the older decisions herein cited, it must yield to them and is invalid and should not be followed. To eliminate confusion I would overrule it if my Associates would concur, but without expressly overruling it, we should, and I do, disregard it. I would affirm the judgment overruling the general demurrer.