S91A0463. DIME SAVINGS BANK OF NEW YORK, FSB et al. v. SANDY SPRINGS ASSOCIATES, INC. et al.
(405 SE2d 491)

FLETCHER, Justice.

Dime Savings Bank of New York, FSB and Chicago Title Insurance Company ("Dime") appeal from the trial court's decision that gave a notice of lis pendens priority over Dime's unrecorded security deed. We reverse.

In 1986, Edgar A. Neely III and George Pearson entered into a sales contract and escrow agreement for the sale of Neely's house (the "property") in Fayette County to Pearson. Under the escrow agreement, as amended, a third party escrow agent would hold the warranty deed to the property and not deliver it to Pearson until he satisfied certain conditions, including making the final payment on a promissory note to Neely. Pearson never personally complied with the conditions of the escrow agreement, and the escrow agent never delivered the property deed to him.

In an action unrelated to the property, Sandy Springs Associates, Inc. obtained judgment against Pearson. A writ of fieri facias in the amount of $126,629.04 was subsequently issued on the judgment and recorded in the General Execution Docket in Fayette County on October 26, 1988. Pearson then filed for bankruptcy.

At Pearson's request, Neely sold the property to Pearson's wife on December 2, 1988. Neely gave Mrs. Pearson credit for the approximately $27,000 that Mr. Pearson had paid on the principal. Mrs. Pearson paid the balance due under the escrow agreement, apparently with funds obtained through her sale of the property on the same day to Craig Poston. Dime loaned Poston a substantial portion of his purchase money. Dime's loan was secured by a purchase money deed to secure debt that conveyed the property from Poston to Dime. Poston delivered the security deed to Dime on December 2, but the deed was not recorded until December 30, 1988.

On December 14, 1988, Sandy Springs filed this action in equity against Mrs. Pearson and also filed a notice of lis pendens. Among other things, Sandy Springs sought a decree setting aside the conveyance of the property to Mrs. Pearson and a declaratory judgment declaring that its judgment lien attached to the property. Sandy Springs did not make any other persons parties to this action relating to title to real estate.

After learning of this action, Dime filed a motion to intervene.

The court granted Dime's motion in September 1989 and allowed the proposed answer and counterclaim attached to the motion to be Dime's initial pleadings. About one month later, the trial court granted Sandy Springs' motion, filed prior to Dime's intervention, striking Mrs. Pearson's answer and granting default judgment against her. After being informed of the order, Dime moved to modify or set aside the order, which the trial court denied on July 23, 1990. In that order, the court declared that Sandy Springs' judgment lien attached to the property on December 14, 1988 when the notice of lis pendens was filed. Dime then filed a motion for reconsideration and a temporary injunction. The court denied both motions on August 30, 1990 and Dime appealed.

1. The trial court's orders in this equitable proceeding have the effect of cancelling the deeds from Neely to Mrs. Pearson and from Mrs. Pearson to Poston, as well as affecting the rights of holders of security deeds. Mrs. Pearson was the only indispensable person who was made a party. The trial court could not grant the relief ordered unless Sandy Springs joined as defendants all persons who would be affected adversely by the cancellation. See *Mims v. Lifsey*, 192 Ga. 366, 368 (15 SE2d 440) (1941); OCGA § 9-11-19. "A court of equity cannot decree the cancellation of a deed unless the parties to the deed, or their representatives, are made parties to the action." *Jackson v. Watts*, 223 Ga. 70 (154 SE2d 195) (1967); see 2 G. Pindar, Georgia Real Estate Law and Procedure, § 19-97.1, p. 138 (3d ed. 1986).

2. The trial court also misused its equitable powers by granting Sandy Springs a first lien on the property, a more favorable position than the creditor would have held if the Pearsons had not committed the alleged fraud. But for Poston's purchase money and Dime's financing, which were used to satisfy Neely's two security deeds on the property, Sandy Springs' judgment lien would have been, at best, third in priority.

The trial court thus erred in effectively giving Sandy Springs' notice of lis pendens priority over Dime's unrecorded security deed, creating either an additional lien on property of Poston, a non-party to the action, or divesting him of legal title to the property. A lis pendens is not a lien on the property. *Aiken v. C & S Bank*, 249 Ga. 481, 482 (291 SE2d 717) (1982), cert. denied, 459 U. S. 973 (103 SC 307, 74 LE2d 287) (1983). It merely notifies prospective purchasers that the property is involved in a lawsuit. *Kenner v. Fields*, 217 Ga. 745, 747 (125 SE2d 44) (1962), rev'd on other grounds, *Scroggins v. Edmondson*, 250 Ga. 430 (297 SE2d 469) (1982).

3. The trial court erred further in ruling that the judgment lien attached on the date Sandy Springs filed its notice. Sandy Springs created a judgment lien on property of Mr. Pearson in Fayette

County on October 26, 1988 when it recorded its fi. fa. in the General Execution Docket. See OCGA § 9-12-81.

Sandy Springs, however, could not levy and sell Mr. Pearson's interest in the property to collect its debt. He did not have legal title, but apparently held only an equitable interest in the property.[1] See *Lytle v. Scottish American Mortgage Co.*, 122 Ga. 458, 467 (50 SE 402) (1905); 2 G. Pindar, supra, § 27-21, p. 691. An equitable interest is not subject to ordinary levy and sale. See *Cook v. Securities Investment Co.*, 184 Ga. 544, 548 (192 SE 179) (1937). To collect on a judgment against a person with only an equitable interest in property, a creditor must satisfy any outstanding debt on the property prior to a levy and sale. OCGA § 9-13-60. Equity will not create an exception to this general rule unless peculiar facts are shown that make the legal remedy inadequate. *Hampton v. Gwinnett Bank &c. Co.*, 251 Ga. 181, 182 (304 SE2d 63) (1983). Sandy Springs has neither followed the statutory procedure for collecting its judgment nor shown peculiar facts that justify the equitable relief it seeks.

4. A bona fide purchaser for value is protected against outstanding equitable interests in land of which the purchaser has no notice. See OCGA §§ 23-1-19; 23-1-20; 18-2-22 (2). The record does not indicate that either the sales contract or escrow agreement was recorded in the deed records; the pleadings indicate they were not. The fraudulent debtor "can convey to an innocent purchaser from him, for value and without notice of the fraud, a title good as against the claims or judgments of the defrauded creditors." OCGA § 18-2-23.

Dime contends that it is entitled to priority as a bona fide purchaser; Sandy Springs argues that the good faith purchaser issue is not dispositive. We disagree. A lis pendens notice has no effect on a prior, even though unrecorded, conveyance to a bona fide purchaser for value.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Hurt, Richardson, Garner, Todd & Cadenhead, Harold N. Hill, Jr., James J. Brissette,* for appellants.

---

[1] Neely delivered the warranty deed to an escrow agent, not Mr. Pearson. The escrow agreement provided that the escrow agent would retain the warranty deed until Mr. Pearson satisfied several conditions in the agreement, which he failed to do. Therefore, the escrow agent never delivered the warranty deed to Mr. Pearson, and legal title did not pass to him. See *Foy v. Scott*, 197 Ga. 138, 139 (28 SE2d 107) (1943).